■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC NOETH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered April 19, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling, permitting the prosecutor to cross-examine the defendant concerning his prior convictions for criminal mischief and assault on a police officer, and the underlying facts thereof, was, in all respects, proper. These offenses were relevant to the defendant's credibility as a witness and his willingness to place his interests above those of society (see, *People v Sandoval,* 34 NY2d 371, 377; *People v Boyd,* 150 AD2d 786; *People v Jeudi,* 139 AD2d 594).

Viewing the evidence adduced at trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The defendant contends that the testimony of the People's main witness was so inconsistent with his pretrial testimony and so incredible that it should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

Moreover, under the circumstances of this case, including the defendant's extensive criminal record, we do not find the imposition of the maximum sentence to be excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.