■ The People of the State of New York, Respondent, v Matthew J. Coneen, Appellant. [594 NYS2d 897] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 12, 1991, upon a verdict convicting defendant of the crimes of burglary in the

third degree, arson in the third degree and criminal mischief in the fourth degree.

On May 6, 1991 defendant reported a fire in progress at his place of employment. Two days later, defendant admitted to police that he broke into the building and poured gasoline around the inside. He further stated that he must have started the fire but really could not remember. As a result of those admissions, defendant was indicted for and convicted of the crimes of burglary in the third degree, arson in the third degree and criminal mischief in the fourth degree.

On this appeal, defendant contends, *inter alia,* that the verdict was legally insufficient and against the weight of the evidence. As to the claim of legal insufficiency, there is no doubt that there was a valid line of reasoning which could lead the jury to the conclusion it reached on the basis of the trial evidence *(see, People v Bleakley,* 69 NY2d 490, 495). With regard to the weight of the evidence, while defendant took the stand and denied his participation in the arson, a jury could reasonably conclude that his testimony was not credible when viewed in light of defendant's statement to law enforcement officials. There was no evidence which would support a reasonable alternative explanation for arson as the cause of the fire. Given defendant's admissions as to the forced entry into the building and of his pouring an accelerant inside, we conclude that the verdict was not against the weight of the evidence *(see, supra).*

We reject defendant's assertion that County Court erred in permitting the People to question him concerning a prior conviction of criminal mischief. "The fact that a prior crime is similar to that charged does not of itself preclude its use for impeachment purposes" *(People v Baird,* 167 AD2d 693, 694, *lv denied* 77 NY2d 903). "Here, County Court * * * adopted a reasonable *'Sandoval* compromise' by permitting questioning as to the fact of the prior conviction without inquiry" into the underlying arson which gave rise to the charge and conviction *(supra,* at 694 [citations omitted]).

Finally, defendant contends that remarks made by the prosecutor to a reporter which later appeared in a newspaper article were prejudicial and require reversal. We disagree. It appears that the local newspaper published comments about defendant's prior criminal history attributed to the Assistant District Attorney trying the case. At defendant's request, County Court inquired of the jury as to whether they had read any news accounts during the course of the trial or had any

information brought to their attention that would prejudice defendant. The jury's response was negative. While prosecutorial conduct of the kind raised here has been appropriately criticized *(see, People v Mordino,* 58 AD2d 197, 206), we detect no prejudice resulting therefrom in view of the response of the jury to County Court's inquiry.

We have reviewed defendant's remaining contentions and find them without merit.

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the judgment is affirmed.