In the Matter of ASHLEY M., a Child Alleged to be a Abused and Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN M., Appellant. [653 NYS2d 163] —White, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered January 3, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

After a fact-finding hearing in this child protective proceeding, Family Court found that respondent had sexually abused and neglected his three-year-old daughter. Initially, respondent challenges the finding of abuse, claiming that it is not supported by sufficient evidence.

Family Court's finding is beyond challenge if petitioner established the abuse by a preponderance of the evidence and respondent failed to offer a satisfactory explanation rebutting the evidence (*see, Matter of Philip M.*, 82 NY2d 238, 243; *Matter of Jacinta J.*, 140 AD2d 990, 991-992). Here, petitioner established that respondent perpetrated several acts of sodomy upon his daughter through her out-of-court statements. While this proof standing alone is insufficient to support a finding of abuse, it is sufficient if corroborated (*see, Matter of Nicole V.*, 71 NY2d 112, 117-118; *see also*, Family Ct Act § 1046 [a] [vi]). To this end Family Court has considerable discretion in determining whether a child's out-of-court statements have been sufficiently corroborated (*see, Matter of Christopher N.*, 221 AD2d 871, 872-873). Among the types of evidence that can provide sufficient corroboration is that given by experts (*see, Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889; *Matter of Linda K.*, 132 AD2d 149, 158, *lv denied* 70 NY2d 616).

Here, petitioner presented validation testimony from an expert who testified that she observed the victim reenact the sexual abuse incidents utilizing anatomically correct dolls and stuffed animals. In addition, there was nonhearsay testimony that the victim engaged in sexually inappropriate behavior. In our view, this testimony provided ample corroboration for the victim's out-of-court statements (*see, Matter of Jaclyn P.*, 86 NY2d 875, 878, *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.* 516 US 1093; *Matter of J.S.*, 215 AD2d 213, 214, *lv denied* 86 NY2d 706; *Matter of Racielli C.*, 215 AD2d 477, 478). We further note that respondent's failure to testify allowed Family Court to draw the strongest inferences against him as the opposing evidence permitted (*see, Matter of*

*Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79; *Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804). Accordingly, for these reasons, we conclude that Family Court's finding that respondent abused his daughter was supported by sufficient evidence.

Respondent's second argument for reversal is that he was denied effective assistance of counsel. The right to counsel in a child protective proceeding affords protections equivalent to the constitutional standard of effective assistance of counsel provided defendants in criminal proceedings (*see, Matter of Daryl S.*, 180 AD2d 639, 640, *appeal dismissed* 79 NY2d 1040). The record evidence shows that respondent's counsel, through an effective cross-examination of petitioner's witnesses, challenged petitioner's proof that respondent was the perpetrator of the acts of sexual abuse committed upon his daughter and raised doubts about the validity of the charges against respondent by showing that they may have emanated from his wife's antipathy towards him. He also established that there was no medical or physical evidence of abuse. Viewed in its totality, this record reveals that respondent was provided with meaningful and constitutionally competent legal representation (*see, People v Ford*, 86 NY2d 397, 404; *Matter of Dingman v Purdy*, 221 AD2d 817, 818).

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.