■ In the Matter of ASHLEY M., a Child Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN M., Appellant. [683 NYS2d 304] —White, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered June 27, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to hold respondent in willful violation of a prior order of disposition and sentenced him to jail.

The order of disposition in this child protective proceeding continued custody of the sexually abused three-year-old child with her mother and granted an order of supervision to petitioner for up to 12 months to permit respondent to successfully meet the terms and conditions of the order.* Among the terms of the order was the requirement that respondent attend, participate and successfully complete a sexual offender treatment program (hereinafter the program). While respondent attended all of the program's sessions and completed the homework assignments, he refused to take responsibility for his behavior by admitting that he sexually abused his daughter. As a consequence, he was terminated from the program

* We affirmed Family Court's order adjudicating respondent's child to be abused and neglected as the result of having been sexually abused by respondent (235 AD2d 858).

since, without such an acknowledgment, treatment efforts could not be successful. Petitioner then filed a violation petition pursuant to Family Court Act § 1072. Following an evidentiary hearing, Family Court found that respondent had willfully violated the order of disposition by not successfully completing the program and sentenced him to a six-month jail term. Respondent appeals.

Respondent contends that he did not willfully violate Family Court's order because his refusal to make the required admission was predicated upon his Federal and State constitutional right against self-incrimination. We reject this contention and, accordingly, affirm. Although the constitutional privilege against self-incrimination applies to Family Court proceedings (*see, Matter of Gladys H.*, 235 AD2d 841, 842; *see generally, Matter of Ashley M.*, 235 AD2d 858), it may be properly asserted only where a direct answer by the witness confronts him or her with a substantial and real danger of criminal prosecution (*see, Marchetti v United States*, 390 US 39, 53; *Flushing Natl. Bank v Transamerica Ins. Co.*, 135 AD2d 486, 487). Here, in light of the program's therapeutic setting and particularly in view of CPLR 4507 and 4508, we conclude that respondent had no grounds for claiming the subject privilege as he did not have a reasonable fear of criminal prosecution if he admitted his transgressions (*see generally, Allen v Illinois*, 478 US 364, 369-375; *Matter of Ashley M., supra; compare, Matter of Howard T. P. v Maria B.*, 237 AD2d 443).

The Law Guardian has advised us that respondent has completed serving his six-month jail term. Thus, his argument regarding the appropriateness of the sentence is moot (*see, Matter of Vitti v Vitti*, 202 AD2d 917, 920).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.