■ In the Matter of KRISTI AA., and Others, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAUL XX., Appellant. [742 NYS2d 920] —Mercure, J.P. Appeal from an amended order of the Family Court of Ulster County (Work, J.), entered February 6, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to hold respondent in willful violation of a prior order of disposition.

In June 1999, respondent consented to a finding of abuse with respect to one of his step-grandchildren based on his sexual abuse of that child while she was in his care from January 1999 to May 1999, as well as a finding of derivative neglect with respect to four other of his step-grandchildren. As part of Family Court's dispositional order, respondent agreed to be placed under petitioner's supervision for a 12-month period and to regularly attend, participate in and successfully complete a sexual offender treatment program.

In September 2000, petitioner filed a violation petition pursuant to Family Court Act § 1072 alleging respondent's failure to participate in the program in that he refused to sign the program contract containing a clause admitting that he is a sexual offender, which was a prerequisite to his admission and participation in the program. Following a hearing on the violation petition, during which respondent acknowledged that he refused to make the necessary admission and remained adamant in his refusal to do so in the future, Family Court found that respondent had willfully violated its order of disposition and sentenced him to a six-month jail sentence. Respondent appeals.

We reject respondent's contention that Family Court violated his constitutional right against self-incrimination when it found him in willful violation of its prior order of disposition for refusing to admit that he is a sexual offender. We accordingly affirm. It is well settled that an individual's privilege against self-incrimination "may be properly asserted only where a direct answer by the witness confronts him or her with a substantial and real danger of criminal prosecution" (*Matter of Ashley M.*, 256 AD2d 825, 826; *see, Marchetti v United States*, 390 US 39, 53). This Court previously found on essentially identical facts that the admission requirement of a sex offender treatment program such as the one at issue here is therapeutic in nature and does not place an individual in a "reasonable fear of criminal prosecution," particularly in light of the privileges afforded by CPLR 4507 and 4508 (*Matter of Ashley M., supra* at 826). As such, respondent cannot assert

his privilege against self-incrimination as a basis for refusing to satisfactorily complete the program or as a bar to Family Court's finding of willful violation of its prior order (*see, id.* at 826).

Respondent's contention, raised for the first time in his reply brief, that the holding in *Matter of Ashley M. (supra)* does not control in this case because respondent was required to sign waivers of his psychologist and social worker privileges (CPLR 4507, 4508) is not preserved for our consideration and in any event lacks competent support in the record.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the amended order is affirmed, without costs.