■ In the Matter of RANDY V., a Child Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RANDY W., Appellant, et al., Respondent. [786 NYS2d 823]—

Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered August 6, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Randy V. to be an abused and neglected child.

In August 2002, 18-month-old Randy V. was left in the care of his father, respondent Randy W., at the home of the father's mother, respondent Shirley W. (hereinafter the grandmother). The child's mother, who did not live at that residence, left the child there while working. During the late morning or early afternoon, the child sustained first and second-degree burns on his low and mid back that were in the shape and imprint of a clothes iron. While there was considerable conflicting evidence about how this incident occurred and what transpired in the hours thereafter, it is undisputed that neither the father nor the grandmother took the child to a doctor or hospital. The child's mother picked him up five to seven hours after the incident and she then brought him to a physician, whose report of possible child abuse prompted an investigation. Petitioner commenced this proceeding alleging severe abuse, abuse and neglect by respondents. At the fact-finding hearing, both the father and grandmother elected not to testify. Family Court dismissed the allegation of severe abuse, but found the child had been abused and neglected by the father and neglected by the grandmother. A dispositional hearing concluded with an order requiring, among other things, that respondents participate in various programs. The father appeals.

We are unpersuaded by the father's contention that the findings of abuse and neglect were not supported by the evidence at the hearing. Petitioner bears the burden in a proceeding of this nature to prove abuse and neglect by a preponderance of the evidence (see Matter of Joshua QQ., 290 AD2d 842, 843 [2002]; Matter of Nathaniel TT., 265 AD2d 611, 613 [1999], lv denied 94 NY2d 757 [1999]). Evidence at the fact-finding hearing included photographs taken shortly after the incident depicting a large burn on the child's back in the distinct shape and image of the face plate of an iron, with even the imprint of the steam holes visible on the child's skin. The child's treating physician testified that the injury was not consistent with accidental contact with an iron and, in fact, reflected that the iron was pressed against the child's skin. He stated that the child would have experienced pain that would probably be manifested by screaming and crying for a considerable length of time following the

incident. The doctor opined that prompt medical treatment for such an injury was important. Family Court found the doctor to be a credible witness, and that court's credibility assessments are afforded deference (*see Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *Matter of Arielle LL.*, 294 AD2d 676, 677-678 [2002], *appeal dismissed* 99 NY2d 532 [2002]). The caseworker assigned to investigate the incident related a lack of cooperation by the father and conflicting versions were provided of the germane events. Moreover, the father's failure to testify allowed "Family Court to draw the strongest inference against him which the opposing evidence would allow" (*Matter of Megan G.*, 291 AD2d 636, 639 [2002]; *see Matter of Melissa L.*, 276 AD2d 856, 857 [2000], *lv denied* 96 NY2d 702 [2001]). Petitioner met its burden with respect to both the alleged abuse (*see* Family Ct Act § 1012 [e] [i]) and neglect (*see* Family Ct Act § 1012 [f]).

The assertion that Family Court exhibited a predisposition against the father from the time the proceeding commenced was not properly preserved for review by a recusal request or an appropriate objection (*see Douglas v Kingston Income Partners '87*, 2 AD3d 1079, 1082 [2003], *lv denied* 2 NY3d 701 [2004]) and, in any event, review of the record reveals no merit to such assertion.

Peters, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.