■ In the Matter of NATHANIEL II. and Others, Children Alleged to be Abused and/or Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAWRENCE JJ., Appellant. [795 NYS2d 780]—

Spain, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered March 25, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Dakota II. to be an abused child.

Respondent is the father of three children, two boys (born in 1998 and 2001) and a girl (born in 1999). A fourth child, a boy (born in 1990), who is the legal ward—but not the biological child—of respondent, also resided in the household. In December 2003, petitioner commenced this proceeding alleging, among other things, respondent's sexual abuse of the girl (then four years old). Following a fact-finding hearing, Family Court sustained the abuse petition as against respondent, finding that he had committed the offense of sexual abuse in the first degree. Respondent appeals as of right from the fact-finding order (see Family Ct Act § 1112 [a]). A final dispositional order was entered on June 14, 2004.

We affirm. Respondent's primary contention is that Family Court's decision is against the weight of the evidence. In a Family Court proceeding, parental misconduct must be established by a preponderance of the evidence (see Family Ct Act § 1046

[b] [i]; *Matter of Randy V.*, 13 AD3d 920, 921 [2004]; *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]). Thus, it was petitioner's burden to present evidence which, taken as a whole and given its appropriate weight, shows that it was more probable than not that respondent committed the acts alleged (*see* Black's Law Dictionary 1182 [6th ed 1990]; 58A NY Jur 2d, Evidence and Witnesses § 968).

In the instant case, we find that the girl's statements to her teacher, police investigators and the family's caseworker, which were corroborated by the statements of two of the other children, were sufficient to support Family Court's findings. The abuse was first revealed when, unsolicited, the girl told her preschool teacher that respondent had been coming into her bedroom, pulling her pants down and sleeping on top of her. The school contacted police and, when questioned, the girl consistently repeated her description of respondent's behavior and, without prompting, lay on the floor and demonstrated how respondent would move back and forth. The girl also stated that respondent always sleeps with her, drew a picture of a penis which she described as respondent's "bug," and said that "wet stuff" came out of his "bug" and went on her stomach and pillow.

The girl's five-year-old brother also told the caseworker that respondent had always slept with his sister. In addition, the 13-year-old testified that he observed respondent sleeping in the girl's bed. Although, when questioned, respondent explained to the police that on that occasion he slept with the girl because she had awakened crying in the middle of the night, that description was inconsistent with the description provided by the teenager who testified that respondent, without prompting, got up while they were watching a movie and went to sleep in the girl's bed with her. Further, respondent's failure to testify allowed " 'Family Court to draw the strongest inference against him which the opposing evidence would allow' " (*Matter of Randy V., supra* at 922, quoting *Matter of Megan G.*, 291 AD2d 636, 639 [2002]). In our view, the evidence submitted at the hearing, combined with the allowable inference against respondent, was sufficient to support Family Court's finding of abuse.

Nor do we find merit in respondent's contention that the girl's out-of-court statements were not sufficiently corroborated. "It is well settled that a child's unsworn out-of-court statements relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect" (*Matter of Jared XX.*, 276 AD2d 980, 981 [2000] [citations omitted]). An out-of-court

statement "may be corroborated by any evidence tending to support its reliability, and a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Joshua QQ., supra* at 843). Family Court also has broad discretion in assessing credibility when there is inconsistent testimony (*see Matter of Martha Z.*, 288 AD2d 706, 707 [2001]). Here, the girl's explicit and consistent age-inappropriate knowledge of sexuality, her brother's statement and the testimony of the teenager corroborated the girl's out-of-court statements. In addition, we find that Family Court properly considered respondent's apparently false explanation to police as additional evidence in support of its finding. Finally, we reject respondent's contention that the girl's stories about, among other things, monsters in her bedroom undermine the credibility of her statements. We agree with Family Court's assessment that these fabrications reflect a child's natural imagination, and in no way detract from the reliability of the girl's detailed, spontaneous and consistent statements implicating respondent. We therefore decline to disturb Family Court's determination of abuse. We have considered respondent's remaining claims and find they are without merit.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.