■ In the Matter of CASEY D., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH D., Appellant. [806 NYS2d 310]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 1, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of disposition.

Respondent, who was adjudicated to have abused and neglected his child, was ordered to complete a sex offender evaluation by a designated agency and to adhere to all recommendations established by that agency. Given respondent's "lengthy history of pedophilia" and "resistance to receiving treatment," it was ultimately recommended that he have no contact with children until he completed an extensive sex offender program. Shortly thereafter, respondent allegedly watched a pornographic video with a seven-year-old boy. A violation proceeding ensued after which Family Court found that respondent failed to complete the sex offender program and subjected a child to a pornographic video. He was sentenced to six months in jail for his willful violation of the prior order. He now appeals.

The sole argument advanced on appeal concerns the propriety of his sentence. Respondent, however, has already served it. Since his appeal is limited solely to the discretionary length of a sentence for civil contempt that has already been served (*cf. Matter of Bickwid v Deutsch,* 87 NY2d 862 [1995]), the appeal is moot (*see Matter of Evelyn X.,* 290 AD2d 817, 822 [2002], *appeal dismissed* 98 NY2d 666 [2002]; *Matter of Ashley M.,* 256 AD2d 825, 826 [1998]). In any event, even if the merits were properly before us, we would find that the sentence was well within Family Court's discretion in light of all the circumstances of this case (*see generally Matter of Kristi AA.,* 295 AD2d 651, 651 [2002]; *Matter of Ashley M., supra* at 825).

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.