■ In the Matter of TASHIA QQ. and Others, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY SS., Appellant. JOSEPH S., Respondent. (Proceeding No. 1.) In the Matter of TASHIA QQ. and Others, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY SS., Appellant. (Proceeding No. 2.) [812 NYS2d 182]—

Carpinello, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered September 29, 2004, which, inter alia, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and neglected, and (2) from an order of said court, entered March 11, 2005, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of disposition.

In May 2004, petitioner commenced proceeding No. 1 alleging that respondent abused and neglected her four children by permitting a male companion to sexually assault her 12-year-old daughter, Tashia (born in 1992), who had been diagnosed with mild mental retardation, during an unsupervised visit.* Specifically, Tashia first revealed to her foster mother, and then others, that respondent made her undress in front of a male companion during this visit, made her touch the man's genitals and then permitted the man to have sexual intercourse with her. Tashia further disclosed that respondent and this man then themselves had sexual intercourse in her presence and that the three of them watched a pornographic movie in respondent's bedroom. Following a fact-finding hearing where Tashia was permitted to give unsworn testimony and respondent did not testify, Family Court found that Tashia was an abused and neglected child and that respondent's other children were derivatively abused and neglected.

Family Court ordered that all four children be placed in petitioner's custody for one year and further directed respondent to obtain certain counseling. Thereafter, respondent failed to complete a sex offender treatment program because she refused to acknowledge that Tashia had been sexually abused. In proceeding No. 2, Family Court found her to be in violation of its prior order and sentenced her to six months in jail. She now appeals from both orders. We affirm.

Respondent argues that the findings of abuse and neglect were not established, specifically claiming that Tashia's out-of-court statements detailing the sexual abuse were not sufficiently corroborated. We are unpersuaded. Tashia's out-of-court statements detailing the sexual abuse perpetrated upon her during her last unsupervised visit with respondent were sufficiently

---

* As of May 2004, Tashia had been in a therapeutic foster home for about 18 months having been subjected to sexual abuse by her father. The other three children resided with respondent.

corroborated by her own in-court, unsworn testimony which was subject to cross-examination (see *Matter of Christina F.*, 74 NY2d 532, 536-537 [1989]; *Matter of Kathleen OO.*, 232 AD2d 784, 785 [1996]). Although Tashia's testimony at the fact-finding hearing was not as detailed as her previous statements and was inconsistent with these prior statements on certain minor points, she consistently related that respondent made her remove her clothes in front of her male companion during their last visit together and that the man had sexual intercourse with her in the presence of respondent (see *Matter of Tylena S. v Darin J.*, 4 AD3d 568, 570-571 [2004], *lv dismissed* 2 NY3d 759 [2004]; *Matter of Akia KK.*, 282 AD2d 839, 839-840 [2001]). To this end, we note that Family Court specifically held that it "found with as much certainty as the [c]ourt has ever had, that Tashia testified honestly and did not lie to the [c]ourt," and further found that she was "sufficiently reliable, particularly concerning the central issues alleged in the petition, and concerning those matters, [she] did not waiver" (see *Matter of Christina F., supra* at 537; *Matter of Nathaniel II.*, 18 AD3d 1038, 1040 [2005], *lv denied* 5 NY3d 707 [2005]).

Moreover, Tashia reenacted the sexual abuse to her therapist with anatomically correct dolls during a therapy session (see *Matter of Jaclyn P.*, 86 NY2d 875, 877-878 [1995], *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.*, 516 US 1093 [1996]; *Matter of Ashley M.*, 235 AD2d 858, 858-859 [1997]). We further note that respondent did not testify, thereby permitting Family Court to draw the strongest inference against her as the opposing evidence would allow (see *Matter of Evan Y.*, 307 AD2d 399 [2003]; *Matter of Arielle LL.*, 294 AD2d 676, 677 [2002], *appeal dismissed* 99 NY2d 532 [2002]; *Matter of Ashley M., supra* at 858). Accordingly, we conclude that Family Court's finding that respondent abused and neglected her children was supported by sufficient evidence (see Family Ct Act § 1046 [b] [i]).

Finally, respondent's failure to complete the sexual offender treatment program because she refused to acknowledge that Tashia had been sexually abused supported Family Court's finding of a willful violation of its prior order (see *Matter of Kristi AA.*, 295 AD2d 651 [2002]; *Matter of Ashley M.*, 256 AD2d 825, 825-826 [1998]; *see generally Matter of Kaitlyn R.*, 279 AD2d 912, 913-914 [2001]; *Matter of Michelle F.*, 222 AD2d 747, 749 [1995]; *Matter of Kayte M.*, 201 AD2d 835, 836 [1994], *lv denied* 83 NY2d 757 [1994]).

Respondent's remaining contentions, including the argument that she received ineffective assistance of counsel, have been reviewed and found to be unpersuasive.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.