■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE D. DAVENPORT, Appellant. [831 NYS2d 587]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Main, Jr., J.), rendered September 2, 2005 in Franklin County, upon a verdict convicting defendant of the crime of aggravated harassment in the second degree.

Defendant stands convicted of aggravated harassment in the second degree stemming from evidence that he threatened his ex-girlfriend and their child during a telephone conversation. On appeal, he argues that he was denied a fair trial by Supreme Court's *Sandoval* ruling, as well as the court's "caustic remarks" to the jury. Unpersuaded by both arguments, we affirm.

During the course of the *Sandoval* hearing, Supreme Court was presented with defendant's numerous past arrests, convictions and violations of probation. While the court did not permit inquiry into many of them, it did permit inquiry into three prior convictions (attempted sexual misconduct, criminal mischief and unlawfully dealing with a child). To the extent that defendant claims that the court failed to properly exercise its discretion by considering all relevant factors before making this determination, we note that Supreme Court considered the arguments advanced by each side prior to its initial ruling. In addition, in response to concerns raised by the defense concerning admission of these convictions, the court made a commitment to conduct additional research on the matter. It also requested and received written *Sandoval* memoranda from both sides.

Thereafter, Supreme Court adhered to its initial ruling but not without giving a more detailed explanation for doing so. The court explained that it was permitting inquiry into these particular prior convictions because none was too similar to the charged crime, none involved spontaneous violence on defendant's part and each demonstrated his willingness to place his own interests ahead of those of society. Thus, contrary to defendant's claim, the court's *Sandoval* ruling was indeed a considered decision which took into account all relevant factors and further struck a proper balance between the probative value of these convictions on defendant's credibility and the possible prejudice to him (*see e.g. People v Hogencamp*, 295 AD2d 643 [2002], *lv denied* 98 NY2d 697 [2002]; *People v Layman*, 284 AD2d 558, 558-559 [2001], *lv denied* 96 NY2d 903 [2001]; *People v Coneen*, 191 AD2d 839, 840 [1993], *lv denied* 81 NY2d 1012 [1993]; *People v Noeth*, 162 AD2d 724 [1990], *lv denied* 76 NY2d 942 [1990]; *People v Emmons*, 123 AD2d 475, 477 [1986], *lv denied* 69 NY2d 827 [1987]).

Next, following Supreme Court's preliminary instructions but

before opening statements, it briefly excused the jurors after informing them that "an issue [has just] arose which has upset me to a considerable extent." The court expounded that it was "not going to say anything more about it than that," and that it "need[ed] to give [the matter] some attention" before going further. The "issue" which arose concerned the admissibility of certain evidence by the defense. Defendant now claims that these remarks were caustic, revealed a bias on the court's part which prejudiced him and distracted the jury.

First, defendant never objected to these remarks or in any way raised the present allegation of bias or undue prejudice. Thus, the issue is not preserved for this Court's review (*see* CPL 470.05 [2]; *see e.g. People v McPherson*, 182 AD2d 714, 714-715 [1992], *lv denied* 80 NY2d 835 [1992]; *People v Dowdy*, 154 AD2d 613, 614 [1989]; *People v Morton*, 117 AD2d 631 [1986], *lv denied* 67 NY2d 947 [1986]). In any event, there was nothing caustic nor indicative of bias about the remarks. To the contrary, they were innocuous and in no way revealed to the jury that it was an evidentiary issue pertaining to the defense which prompted the need for the brief delay in the proceedings.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court, Franklin County, for further proceedings pursuant to CPL 460.50 (5).