■ In the Matter of CAITLYN U. and Others, Abused and/or Neglected Children. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; BRIAN V., Appellant. [891 NYS2d 730]—

Rose, J.

When respondent was found to have sexually abused his stepdaughter (*see Matter of Caitlyn U.*, 46 AD3d 1144 [2007]), he was placed under the supervision of petitioner and required, among other things, to successfully complete sex offender treatment (*see Matter of Caitlyn U.*, 48 AD3d 934 [2008], *lv denied* 10 NY3d 710 [2008]). Respondent was later discharged from the prescribed treatment program, however, for failure to cooperate with the provider. Petitioner then moved pursuant to Family Ct Act § 1072 for a new dispositional hearing and an extension of the order of supervision, alleging that respondent had willfully violated the conditions of the order of supervision by failing to complete sex offender treatment. Following a hearing, Family Court found a willful violation and granted petitioner's motion.

Respondent appeals, contending that the evidence does not establish a willful violation of the order of supervision because the order set no deadline for completing sex offender treatment, he had attended every treatment session prior to being discharged, and he has a low risk of recidivism. Nevertheless, Family Court's order had required him to fully cooperate with petitioner and successfully complete the program. The testimony of his caseworkers and therapist established that while he had been informed that acknowledgment of the abuse was required to reach the treatment program's goals, he admittedly failed to meet that requirement. The evidence also established that respondent failed to keep petitioner informed of his address and that when he was offered treatment alternatives, he refused to take a polygraph test, discuss hypothetical situations involving sexual abuse or watch a videotape dealing with sexual abuse. Moreover, Family Court was entitled to draw an adverse inference from respondent's failure to present any evidence at the hearing (*see Matter of Jenna KK.*, 50 AD3d 1216, 1217 [2008], *lv denied* 11 NY3d 703 [2008]; *Matter of Tashia QQ.*, 28 AD3d 816, 818 [2006]). Since cooperation with and successful completion of the treatment program, rather than mere attendance, were required, the record contains clear and convincing evidence that respondent willfully violated the order (*see Matter of Shelby B.*, 55 AD3d 986, 988 [2008]; *Matter of Kristi AA.*, 295 AD2d 651, 651 [2002]; *Matter of Ashley M.*, 256 AD2d 825, 826 [1998]).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.