■ In the Matter of KIMBERLY Z. and Another, Children Alleged to be Abused and/or Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JASON Z., Appellant. (Proceeding No. 1.) In the Matter of DYLAN Z. and Another, Children Alleged to be Abused and/or Neglected Children. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA Z., Appellant. (Proceeding No. 2.) [931 NYS2d 732]—

Egan Jr., J.

Respondent Jason Z. (hereinafter the father) and respondent Lisa Z. (hereinafter the mother) are the biological parents of two children, Kimberly Z. (born in 1994) and Dylan Z. (born in 1996). In August 2009, after several hours of drinking, the father returned home, entered Kimberly's bedroom and allegedly molested her, prompting the child to escape through her bedroom window and flee to a neighbor's home. During the course of this incident, the father also allegedly grabbed Kimberly's arm—leaving a large bruise—and threatened to hit her if she disclosed the incident to anyone. The authorities were notified and criminal charges against the father ensued.

Petitioner thereafter commenced the first of these proceedings against the father alleging that, in light of his excessive drinking, abusive demeanor and inappropriate sexual contact with his daughter, the father abused and/or neglected Kimberly and derivatively neglected Dylan. Petitioner also commenced a separate proceeding against the mother, contending that she neglected both children by failing to protect them from their father. The petition against the mother subsequently was amended to include, among other things, an allegation that she coerced Kimberly to recant the allegations of abuse and her corresponding statement to law enforcement officials.[1]

---

1. In conjunction therewith, the mother was charged with endangering the welfare of a child and tampering with a witness in the fourth degree. As a result of this incident, Kimberly was removed from the mother's home and, upon the mother's consent, placed in respite care with petitioner pending the

Following a combined fact-finding and preliminary hearing (*see* Family Ct Act § 1027), Family Court granted the respective petitions. As to disposition, Family Court continued Kimberly's placement with petitioner and released Dylan to respondents' custody subject to various terms and conditions. Family Court also issued orders of protection directing, among other things, that the father refrain from any contact with Kimberly. The mother and the father now each appeal.

We affirm. Turning first to the father's appeal, it is well settled that a child's out-of-court statement of abuse or neglect may be admitted in a Family Ct Act article 10 proceeding provided it is corroborated "by any other evidence tending to support [its] reliability" (*Matter of Brooke KK. [Paul KK.]*, 69 AD3d 1059, 1060 [2010] [internal quotation marks and citations omitted]; *see Matter of Telsa Z. [Denise Z.]*, 81 AD3d 1130, 1133-1134 [2011]; *Matter of Joshua UU. [Jessica XX.—Eugene LL.]*, 81 AD3d 1096, 1098 [2011]). "A relatively low degree of corroborative evidence is sufficient to meet this threshold, and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record" (*Matter of Justin CC. [Tina CC.]*, 77 AD3d 1056, 1057 [2010] [citations omitted], *lv denied* 16 NY3d 702 [2011]; *see Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 898-899 [2011]; *Matter of Nathaniel II.*, 18 AD3d 1038, 1040 [2005], *lv denied* 5 NY3d 707 [2005]).

Viewing the record in the light most favorable to petitioner (*see Matter of Destiny UU. [Leon UU.]*, 72 AD3d 1407, 1408 [2010], *lv denied* 15 NY3d 702 [2010]), we are satisfied that Kimberly's out-of-court statement regarding the sexual abuse suffered at the hands of her father was sufficiently corroborated by her subsequent written statement to the local police (*see Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1058]), observations of the bruise on her arm (*see Matter of Dylan TT. [Kenneth UU.]*, 75 AD3d 783, 783-784 [2010]), her conduct in fleeing her home in the middle of the night to seek help from a neighbor, her uncharacteristic demeanor following the incident and Dylan's subsequent statement to petitioner's caseworker,[2] as well as the father's written statement to law enforcement of-

---

fact-finding hearing. The criminal charges against both parents remained pending as of that hearing.

**2.** According to the caseworker, Dylan indicated that he heard his father come home at approximately 11:00 P.M., saw him enter Kimberly's room, heard Kimberly crying and later observed his father leaving her bedroom.

ficials.[3] Accordingly, we discern no basis upon which to disturb Family Court's findings as to the allegations of abuse. Our conclusion in this regard is in no way diminished by Kimberly's subsequent recantation—particularly in view of the ample evidence demonstrating that her mother coerced her to do so (see *Matter of Caitlyn U.*, 46 AD3d 1144, 1146-1147 [2007]).

To the extent that Family Court also concluded that the father's frequent intoxication and aggressive behavior constituted neglect of Kimberly, the record more than supports such a finding. Kimberly, Dylan and their mother all informed petitioner's caseworker of the father's history of drinking to excess on his days off from work—when he routinely would consume roughly 18 beers at a sitting—after which, according to the children, he would become sufficiently loud and aggressive to cause them to be fearful of him. We reach a similar conclusion regarding Family Court's finding that the father derivatively neglected Dylan, as the father's sexual abuse of Kimberly, coupled with the uncontested proof of his substance abuse, "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" (*Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1058 [internal quotation marks and citations omitted]; *accord Matter of Rebecca FF. [David FF.]*, 81 AD3d 1119, 1120 [2011]; *see Matter of Angel L.H. [Melissa H.]*, 85 AD3d 1637, 1637-1638 [2011], *lv denied* 17 NY3d 711 [2011]).

The remaining arguments raised by the father are either unpreserved or unpersuasive. The father's contention that Family Ct Act § 1046 (a) (i) is unconstitutional lacks merit (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of William D.*, 198 AD2d 40, 40 [1993], *lv denied* 83 NY2d 756 [1994]), and his assertion that Family Court proceeded to the dispositional hearing prior to rendering a fact-finding order pursuant to Family Ct Act § 1051 (a) is belied by the record. On a related note, although the court's original fact-finding order neglected to

---

**3.** When asked what had transpired on the night in question, the father stated, "I came home. Walked in the house, went down the hall, turned the hallway light on. I went in [Dylan's] room, gave my son a kiss on the forehead. He said he loved me. I said I loved him, and I left his room. After I left his room I went in [Kimberly's] room to do the same thing. When I was in there I guess I fondled her. I don't remember doing it, but I had a lot to drink, so I guess I did." The father's professed lack of memory as to what occurred once he entered Kimberly's room is dubious given his detailed recollection of the events leading up to that point and, in view of his failure to testify at the hearing, Family Court was entitled "to draw the strongest inference against him which the opposing evidence would allow" (*Matter of Nathaniel II.*, 18 AD3d at 1039 [internal quotation marks and citations omitted]; *see Matter of Caitlyn U.*, 46 AD3d 1144, 1147 [2007]).

specify the particular sex offense committed by the father (*see* Family Ct Act § 1051 [e]), this omission was remedied in the court's amended order and, in any event, the father has failed to allege any prejudice in this regard (*see Matter of Ashley AA.*, 212 AD2d 937, 939 [1995]).

As for the father's assertion that the Delaware County District Attorney, who was a party to this proceeding pursuant to Family Ct Act § 254 (b), should have been disqualified because he was related to the children's maternal grandmother, we need note only that when this was disclosed at the hearing, the father raised no objection in this regard, nor did he allege any conflict of interest (*see Matter of Brittany H.*, 184 AD2d 903, 903 [1992]; *cf. People v Botting*, 8 AD3d 1064, 1065 [2004], *lv denied* 3 NY3d 671 [2004]; *Matter of Lisa S. v William S.*, 187 AD2d 435, 435-436 [1992]). The father's claim that Family Court demonstrated bias, which involves facts outside the record, similarly is unpreserved for our review in light of the father's failure to object or otherwise move for Family Court's recusal (*cf. People v Casey*, 61 AD3d 1011, 1014 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Davenport*, 38 AD3d 1064, 1066 [2007]; *People v Bigwarfe*, 35 AD3d 904, 905 [2006], *lv denied* 8 NY3d 878 [2007]). As for Family Court's decision to consolidate the fact-finding hearing with the hearing held pursuant to Family Ct Act § 1027, the father did not oppose petitioner's request to combine the hearings or otherwise raise any objection thereto, thereby failing to preserve this issue for our review (*cf. Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599, 1660 [2011], *lv denied* 17 NY3d 708 [2011]).

Finally, we reject the father's claim that he was denied due process and/or the effective assistance of counsel due to Family Court's decision to admit into evidence the State Central Registry report, together with the caseworker notes attached thereto. Contrary to the father's assertion, the record reflects that counsel was both provided with a copy of petitioner's records prior to the hearing and afforded an additional opportunity to review the records during a break in the hearing, in response to which counsel made various objections and succeeded in having portions thereof redacted. Under these circumstances, we find the father's due process argument to be unpersuasive (*cf. Matter of Allen v Wells*, 256 AD2d 651, 652-653 [1998]). The father's remaining contentions, including his assertion that Family Court abused its discretion in ordering that he engage in various services, have been examined and found to be lacking in merit.

Turning to the mother's appeal, "[t]he case law makes clear

that a child may be adjudicated to be neglected within the meaning of Family Ct Act § 1012 (f) (i) when a parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly" (*Matter of Mary MM.*, 38 AD3d 956, 957 [2007] [internal quotation marks and citation omitted]; *accord Matter of Jessica P.*, 46 AD3d 1142, 1143 [2007]; *see Matter of Shiree G. [Robert E.]*, 74 AD3d 1416, 1417 [2010]). Upon our review of the record and taking into consideration that Family Court was entitled to draw the strongest possible inference against the mother based upon her failure to testify (*see Matter of Caitlyn U.*, 46 AD3d at 1147; *Matter of Nathaniel II.*, 18 AD3d at 1039), we are satisfied that the finding of neglect was supported by a preponderance of the evidence (*see Matter of Nathaniel II.*, 18 AD3d at 1038). Simply put, the mother's conduct following Kimberly's disclosure of the underlying sexual abuse—including her actions in persuading her daughter to recant—more than support Family Court's finding that she failed to be a protective ally for Kimberly. Similarly, despite being aware of the father's excessive alcohol consumption, the mother continued to insist that he did not have a drinking problem and failed to appreciate the harmful effect that his aggressive behavior was having upon Kimberly and Dylan. Accordingly, the finding of neglect as to the mother will not be disturbed. The mother's remaining arguments, to the extent not specifically addressed, have been examined and found to be equally unpersuasive.

Mercure, J.P., Peters, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

