Rose, J.P.
Appeals from two orders of the Family Court of Cortland County (Campbell, J.), entered August 3, 2012 and August 9, 2012, which, among other things, granted petitioner’s application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate respondent’s child to be neglected.
Respondent’s daughter, Stevie R., was born in 2010 and, due to the mother’s positive test for opiates and amphetamines, the child was immediately placed in the care and custody of the maternal grandmother. Family Court subsequently determined that respondent and the mother neglected Stevie based on the mother’s drug abuse, and the court issued an order directing respondent to, among other things, “[ojbtain a substance abuse evaluation, and continue in counseling until discharged by the counselor with completed treatment goals.” We affirmed the neglect finding (Matter of Stevie R. [Arvin R.], 97 AD3d 906 [2012]).
In June 2011, respondent was arrested, along with the mother, because narcotics and drug paraphernalia were found in a vehicle he was operating. Soon thereafter, petitioner commenced the first of these proceedings alleging that respondent was in violation of Family Court’s order. In 2011, the mother again tested positive for amphetamines and opiates when she gave birth to respondent’s son, Julian R. Petitioner then commenced the second of these proceedings, pursuant to Family Ct Act article 10, alleging that Julian was a neglected child and requesting that he also be placed in the care and custody of the maternal grandmother. Following a fact-finding hearing, Family Court adjudicated Julian to be neglected and found that respon *1079 dent willfully violated the prior order by failing to complete substance abuse treatment.
On appeal, respondent argues that petitioner failed to establish that he neglected Julian because the allegations of neglect only relate to the mother’s drug abuse. The case law makes clear, however, that, as here, “a child may be adjudicated to be neglected within the meaning of Family Ct Act § 1012 (f) (i) when a parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly” (Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1185 [2011] [internal quotation marks and citation omitted]; accord Matter of Stevie R. [Arvin R.], 97 AD3d at 907). Respondent was aware of the mother’s positive drug test after the birth of Stevie, he continued to live with the mother during her pregnancy for Julian, he was the mother’s sole source of support and he was driving the mother, along with a known drug dealer, when they were arrested for possession of controlled substances. According deference to Family Court’s determination to discredit respondent’s claimed ignorance of the mother’s longstanding drug problem (see Matter of Shay-Nah FF. [Theresa GG.], 106 AD3d 1398, 1401 [2013], lv denied 21 NY3d 863 [2013]; Matter of Izayah J. [Jose I.], 104 AD3d 1107, 1109 [2013]), we find a sound and substantial basis in the record for the determination that he neglected Julian (see Matter of Stevie R. [Arvin R.], 97 AD3d at 907-908; Matter of Niviya K. [Alfonzo M.], 89 AD3d 1027, 1028 [2011]; Matter of Kimberly Z. [Jason Z.], 88 AD3d at 1185).
Petitioner also established by clear and convincing evidence that respondent was in willful violation of the prior order requiring him to complete substance abuse treatment. Notwithstanding respondent’s long-delayed completion of an evaluation, the record is clear that he did not follow up with the treatment recommendation and had no legitimate excuse for his failure to do so (see Matter of Lindsey BB. [Ruth BB.], 72 AD3d 1162, 1163-1164 [2010]; Matter of Caitlyn U. [Brian V.], 69 AD3d 1012, 1013 [2010]; Matter of Blaize F., 48 AD3d 1007, 1008-1009 [2008]).
Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.