■ In the Matter of WENDY P. and Another, Children Alleged to be Abused. EDWIN S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [65 NYS3d 145]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about May 19, 2016, which, to the extent appealable and insofar as appealed from as limited by the briefs, found that respondent Edwin S. had sexually abused his stepdaughter Wendy P., unanimously affirmed, without costs.

Respondent's attempt to seek review of the Family Court's earlier ruling under *Frye v United States* (293 F 1013 [DC Cir 1923]), is not reviewable on this appeal. Family Court denied respondent's *Frye* application in January of 2015 (47 Misc 3d 1202[A], 2015 NY Slip Op 50365[U] [Fam Ct, Bronx County 2015]). There, Family Court found that Dr. Treacy's validation testimony did not present a novel scientific issue requiring a *Frye* hearing, and that any purported deviation from the appropriate professional practices was a matter of evidentiary weight rather than of admissibility (*id.*). Respondent did not appeal from this order, and we are thus without jurisdiction to review it on this appeal from a nonfinal fact-finding order (Family Ct Act § 1112 [a]; CPLR 5501 [a] [1]).

Respondent's argument that Dr. Treacy's testimony lacked the proper foundation also fails. Dr. Treacy provided detailed information about the guidelines she used to interview the child as well as her analysis of the interview utilizing Sgroi's Sexual Abuse Dynamics framework (*Matter of Nicole V.*, 71 NY2d 112, 120-121 [1987]). Contrary to respondent's argument, a proper foundation does not require general acceptance in the scientific community, but may be properly laid by the expert based on her "personal knowledge acquired through

professional experience" (*Mitrovic v Silverman*, 104 AD3d 430, 431 [1st Dept 2013]). This was clearly established here. Any alleged deviations from the established protocols went to the weight of Dr. Treacy's testimony, and did not form a basis for excluding the evidence entirely (*see e.g. Matter of Nikita W. [Michael W.]*, 77 AD3d 1209, 1211 [3d Dept 2010]). Regardless, the record supports that Dr. Treacy did adhere closely to the aspirational protocols in question, in that she refrained from using leading or suggestive questions, considered alternative hypotheses and endeavored to promote an objective, neutral stance in conducting the evaluations.

To the extent the appeal raises any issue about evidentiary weight, the court did not abuse the discretion in relying on Dr. Treacy's testimony as providing sufficient validation and corroboration for the child's out of court statements. Given the admissibility and reliability of Dr. Treacy's testimony, Family Court's finding of sexual abuse was supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]). In addition to Dr. Treacy's validation testimony, the child's spontaneous, repeated, unrecanted descriptions of the abuse and the lack of any motive for her to fabricate the allegations against respondent support this finding. There was, in any event, additional corroborating evidence (Family Ct Act § 1046 [a] [vi]), including the observations made of the child at the hospital. Moreover, respondent did not testify (*see e.g. Matter of Jaclyn P.*, 86 NY2d 875 [1995]; *Matter of Tashia QQ.*, 28 AD3d 816, 817 [3d Dept 2006]) or present evidence tending to show that he had not committed the abuse, and he admitted to an agency caseworker to having pornography on his electronic device. Respondent's case rested on the testimony of his expert, but she did interview the child and could not provide an opinion as to whether or not the child had been abused. Concur—Friedman, J.P., Gische, Kapnick, Kahn and Moulton, JJ.