Matter of K.H. (J.H.) (2025 NY Slip Op 04948)

Matter of K.H. (J.H.)

2025 NY Slip Op 04948

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

CV-24-1049 CV-24-1428
[*1]In the Matter of K.H. and Others, Alleged to be Neglected, Abused and Severely Abused Children. Ulster County Department of Social Services, Respondent; J.H., Appellant.
In the Matter of A.H. and Another, Neglected, Abused and Severely Abused Children. Ulster County Department of Social Services, Respondent; J.H., Appellant.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Powers and Mackey, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Ulster County Department of Social Services, Kingston (Jodie Paris of counsel), for respondent.
Claudia S. Davenport, Kingston, attorney for the child.
Betty J. Potenza, Milton, attorney for the children.

Ceresia, J.
Appeals (1) from three amended orders of the Family Court of Ulster County (Anthony McGinty, J.), entered May 9, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected, abused and severely abused, and (2) from an order of said court, entered July 23, 2024, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject children.

Respondent (hereinafter the father) is the father of four children: K.H. (born in 2005), A.H. (born in 2006), R.H. (born in 2008) and H.H. (born in 2012). Prior to the commencement of these proceedings, K.H. and H.H. lived with the father and his wife, who is H.H.'s mother, while A.H. and R.H. resided outside New York with their mother. In December 2022, petitioner filed an amended neglect, abuse and severe abuse petition alleging that the father had sexually abused K.H. and A.H., and that R.H. and H.H. were derivatively abused children. Following a fact-finding hearing conducted between July and December 2023, Family Court rendered a decision finding that K.H. was neglected, abused and severely abused as a result of the father repeatedly raping and sexually assaulting her, and that the other three children were derivatively neglected, abused and severely abused based upon the father's profound lack of understanding of his parental duties. Thereafter, in May 2024, the court issued amended orders of fact-finding and disposition. Although K.H. had already turned 18 years old by this point and was no longer subject to the court's jurisdiction for custody purposes (see Family Ct Act § 119 [c]; Matter of Troy SS. v Judy UU., 140 AD3d 1348, 1349-1350 [3d Dept 2016], lv denied 28 NY3d 902 [2016]), the court released A.H. and R.H. to the custody of their great-grandmother and H.H. to her mother's custody. The father was ordered to have no contact with the three younger children other than through supervised visitation. After a subsequent permanency hearing, the court issued an order in July 2024 continuing the placement of A.H. and R.H. The father appeals from the amended orders of fact-finding and disposition and from the permanency hearing order.[FN1] We affirm.
The father contends that he received ineffective assistance of counsel at the fact-finding hearing.[FN2] "The standard for evaluating an ineffective assistance of counsel claim is whether, viewed in its totality, the representation was meaningful and whether actual prejudice was suffered as a result of claimed deficiencies" (Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Traci A. v Maxmillion B., 232 AD3d 1070, 1073 [3d Dept 2024]; Matter of Carly W. v Mark V., 225 AD3d 984, 987 [3d Dept 2024]). It is the father's burden, as the party asserting the claim, to "demonstrate[ ] the absence of a legitimate or strategic reason for counsel's decisions" (Matter [*2]of Julian P. [Colleen Q.], 129 AD3d at 1224). Further, the law is well settled that "it is not the role of this Court to second-guess counsel's trial strategy or tactics, and a party seeking to prevail on an ineffective assistance of counsel claim must do something more than engage in hindsight speculation as to the viability of counsel's strategy" (Matter of Sheena PP. v Edward QQ., 238 AD3d 1417, 1420 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Jonathan LL, 294 AD2d 752, 753 [3d Dept 2002]; Matter of James HH, 234 AD2d 783, 785 [3d Dept 1996], lv denied 89 NY2d 812 [1997]).
During the hearing, petitioner submitted hearsay evidence in the form of videotaped forensic interviews of K.H., and these hearsay statements were required to be corroborated (see Family Ct Act § 1046 [a] [vi]; Matter of Kaleb LL. [Bradley MM.], 218 AD3d 846, 848 [3d Dept 2023]; Matter of Olivia RR. [Paul RR.], 207 AD3d 822, 823 [3d Dept 2022]). It is the father's position that his attorney improperly elicited testimony supplying the necessary corroboration through his cross-examination of petitioner's caseworker and that, but for that testimony, the requisite corroboration would have been lacking. In that regard, the father takes issue with his attorney bringing out for the first time evidence that K.H. had undergone a medical examination, during which the absence of a hymen was noted. Counsel also elicited testimony that, in connection with that examination, K.H. reported to medical personnel that she had experienced bleeding and pain after the father raped her.
However, it is clear from the record — and indeed counsel explicitly explained as much to Family Court — that counsel was pursuing a strategy of undermining the credibility of K.H.'s accusations by attempting to establish that her allegations were unsupported by the results of the medical examination. That is, counsel was endeavoring to show that the medical examination did not reveal any indication of trauma or abuse or otherwise demonstrate any physical evidence of recent injuries, nor did it verify K.H.'s complaints of bleeding and pain. To the extent that the lack of a hymen was mentioned, counsel sought to establish that this was possibly caused by sex toys, which K.H. had admitted using. Accordingly, the father failed to demonstrate that counsel did not have legitimate strategic reasons for questioning the caseworker in this manner (see Matter of Sheena PP. v Edward QQ., 238 AD3d at 1421; Matter of Dianne SS. v Jamie TT., 235 AD3d 1138, 1144 [3d Dept 2025]).[FN3]
The father also argues that his counsel was ineffective for failing to review K.H.'s videotaped statements prior to the commencement of the hearing. The record indicates that counsel viewed the videos before the second day of the hearing, which was prior to his first opportunity to cross-examine any witnesses. Thus, there has been no showing that the father suffered any actual prejudice as a result of this [*3]claimed deficiency (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1247 [3d Dept 2018]; Matter of Julian P. [Colleen Q.], 129 AD3d at 1224). Viewing counsel's performance in its totality, we are satisfied that the father was provided with meaningful representation (see Matter of Carly W. v Mark V., 225 AD3d at 988; Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1011 [3d Dept 2018]; Matter of Duane FF. [Harley GG.], 154 AD3d 1086, 1089 [3d Dept 2017], lv denied 30 NY3d 908 [2018]).
Next, the father asserts that petitioner failed to establish the necessary corroboration of K.H.'s videotaped statements. We disagree. "The relatively low degree of required corroboration may be provided by 'any other evidence tending to support the reliability of the child's statements' " (Matter of Hamilton v Anderson, 143 AD3d 1086, 1087-1088 [3d Dept 2016] [brackets omitted], quoting Family Ct Act § 1046 [a] [vi]; accord Matter of Cory O. v Katie P., 162 AD3d 1136, 1137 [3d Dept 2018]). "The sufficiency and reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record" (Matter of Cory O. v Katie P., 162 AD3d at 1137 [internal quotation marks and citations omitted]).
Here, in addition to the corroborative evidence detailed above,[FN4] there was other corroboration presented at the hearing. To that end, Family Court observed that K.H.'s demeanor changed while reporting the abuse in the videotaped interviews when she became visibly upset, held her head down, cried and asked for tissues to wipe her eyes (see Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1262 [3d Dept 2020]; Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1182 [3d Dept 2011]). The court also noted that, in multiple interviews, K.H. had provided consistent accounts of the abuse she suffered (see Matter of Isabella I. [Ronald I.], 180 AD3d at 1262; Matter of Joshua UU., 81 AD3d 1096, 1098 [3d Dept 2011]). We therefore conclude that K.H.'s statements were sufficiently corroborated (see Matter of Isabella I. [Ronald I.], 180 AD3d at 1262; Matter of Nathaniel II., 18 AD3d 1038, 1039-1040 [3d Dept 2005], lv denied 5 NY3d 707 [2005]).
Lynch, J.P., Powers and Mackey, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: The appellate attorney for K.H. is supportive of petitioner's position on appeal, while the appellate attorney for A.H., R.H. and H.H. favors the father's position. 

Footnote 2: We reject the argument of the attorney for K.H. that the father waived his right to appellate review of these claims. 

Footnote 3: In any event, it cannot be said that the father was prejudiced by the introduction of this evidence, since — as discussed below — there was additional corroborative proof presented at the hearing (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1247 [3d Dept 2018]; Matter of Jacklynn BB., 155 AD3d 1363, 1365 [3d Dept 2017]).

Footnote 4: Contrary to the father's contention, the fact that there could have been an alternative explanation for the lack of a hymen does not negate the utility of that evidence for corroborative purposes (see Matter of Melissa I., 256 AD2d 671, 673 [3d Dept 1998]). Further, the father's claim that the medical evidence constituted inadmissible hearsay is unpreserved for appellate review, as the father objected on hearsay grounds only to the admission of K.H.'s medical report itself, not to testimony about the medical examination or the contents of the report (see Matter of Brooklyn S. [Stafania Q.-Devin S.], 150 AD3d 1698, 1700 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; Matter of Hobb Y., 56 AD3d 998, 1000 [3d Dept 2008]).