■ In the Matter of VALERIE ALLEN, Appellant, v KENNETH F. WELLS, Respondent. [681 NYS2d 166] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 12, 1996, which granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent are the parents of one son, James (born in 1992). In 1994 the parties agreed to share joint custody of the child with primary physical custody to petitioner; however, in 1995 both parties filed petitions requesting sole custody of the child. Prior to the commencement of a fact-finding hearing, respondent subpoenaed petitioner's records from the Tompkins County Department of Social Services (hereinafter DSS); more specifically, respondent sought any and all indicated reports of child abuse or child neglect regarding petitioner's two other children, who were not respondent's children. DSS moved to quash the subpoena on the ground of confidentiality, but Family Court denied the motion.

During the fact-finding hearing, respondent offered petitioner's entire DSS case file as an exhibit pursuant to Family Court Act § 651-a, arguing that the indicated reports contained therein proved that petitioner "had inadequately cared for children in her care" on prior occasions. Petitioner objected to the introduction of the case file on the grounds that she had not seen the records and that they were created before the child at issue was born and were therefore "irrelevant, remote, and * * * contain[ed] hearsay". Significantly, following petitioner's objection, Family Court granted a recess to allow petitioner the opportunity to review the case file. Following the recess Family Court reserved decision on the admissibility of the records and continued the hearing; both parties were afforded an opportunity to offer further testimony regarding the merits of their respective petitions. Following the close of proof, Family Court admitted the DSS case file into evidence "for the limited purpose of showing indicated reports" against petitioner in 1989, 1990 and 1991. Family Court thereafter determined that respondent was the more fit parent and that it was in the best interest of the child for respondent to have sole custody; petitioner was granted visitation. Petitioner appeals.

The sole issue raised by petitioner on appeal is whether Family Court erred in receiving petitioner's DSS case file into evidence; more specifically, petitioner contends that the DSS records were admitted without notice or an opportunity to make objections on the grounds of "hearsay, relevancy, remoteness or other grounds that might be revealed upon examination" and, further, that she had "no opportunity to develop testimony to contradict the information contained in the DSS reports and files". In our view, the record belies petitioner's contentions.

We have held that "[i]n those instances in which the entire case file is admitted, 'fundamental fairness' will not be violated when a [party] has an opportunity to examine the file, either

prior to or during the trial" (*Matter of Melanie Ruth JJ.*, 76 AD2d 1008, 1009, *lv denied* 51 NY2d 710; *see, Matter of Patrick H. [Patrick I.]*, 226 AD2d 921, 922). Here, the record reveals that following the recess petitioner failed to offer any further proof; however, she was not denied that opportunity. Further, Family Court limited its review of the case file to the indicated reports contained therein. In our view, petitioner suffered no prejudice. Family Court's determination reflects that the information from the DSS file was only one of several factors considered and that it was supported by ample admissible evidence notwithstanding the DSS file and, therefore, any error committed by Family Court was harmless (*see, Murtari v Murtari*, 249 AD2d 960, 961-962; *Matter of Cynthia C.*, 234 AD2d 929; *Matter of Rush v Rush*, 201 AD2d 836, 838; *Matter of Daniel R. v Noel R.*, 195 AD2d 704, 708; *Matter of Kevin PP. [Pamela QQ.]*, 154 AD2d 739, 741).

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.