■ In the Matter of MICHAEL W. and Another, Children Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAUL X., Appellant, et al., Respondent. [692 NYS2d 856] —Graffeo, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered August 20, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Michael W. and Christopher W. neglected children.

Petitioner commenced this Family Court Act article 10 proceeding against respondent and his paramour, the mother of two children born in 1993 and 1989, alleging that the children were neglected. Following a fact-finding hearing concerning respondent,* Family Court found that he was a person legally responsible for the children and that a preponderance of the evidence established that both children were neglected by him.

Respondent now appeals primarily contending that Family Court's decision must be reversed because the children's out-of-court statements were not corroborated. Family Court Act § 1046 (a) (vi) provides: "previous statements made by the child relating to any allegations of * * * neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of * * * neglect. Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration." The corroboration of a child's statements is "a broad flexible rule" which shall be evaluated on a case-by-case basis (*Matter of Nicole V.*, 71 NY2d 112, 118), and if such statements are supported by "any other evidence tending to support their

---

* The children's mother consented to the entry of a neglect finding against her.

reliability", they may form the basis for a finding of abuse or neglect (*Matter of Jamie EE.*, 249 AD2d 603, 605).

At the fact-finding hearing, the children's statements pertaining to the allegations of neglect were presented by several witnesses. A senior caseworker for petitioner's Child Protective Services Unit testified that during her investigation into allegations of abuse, the older child divulged that he and his brother were regularly spanked and that he had been hit in the head by respondent. The older child's "one-on-one" classroom aide described how the child portrayed being kicked in the stomach by respondent. Respondent's sister related a conversation in which the eldest child stated that respondent would "bat him on the back of the head" and his school social worker testified that the child demonstrated how respondent hit him on top of his head.

A review of the record reveals corroboration of the children's statements was derived from a variety of sources. Respondent admitted to spanking the children according to the testimony of the Child Protective caseworker, and at an unannounced visit to the house, she observed bruises on the younger child in various stages of healing. Respondent's sister described bruises she saw on the younger child and she witnessed respondent strike the older child. Respondent's mother acknowledged that she observed the younger child with "marks on his back". The classroom aide stated that the older child came to school smelling of urine several times and school officials expressed concerns about the older child's lack of personal hygiene and that his behavior was indicative of being physically disciplined. There was also testimony by the school social worker that after being placed in foster care, the older child's behavior improved and he no longer needed restraining. Based on the totality of the evidence presented, we conclude that the children's out-of-court statements were sufficiently corroborated (*see, Matter of Daniel TT.*, 169 AD2d 951).

We also find no merit in respondent's contention that petitioner failed to show by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]), that the children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]). The hearing testimony regarding the physical abuse and neglect by respondent clearly demonstrated that respondent created an imminent risk of harm to the children (*see, Matter of Kathleen GG. v Kenneth II.*, 254 AD2d 538; *Matter of Jennifer Q.*, 235 AD2d 827).

Peters, J. P., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.