■ In the Matter of KATHLEEN M. ANDERSON, Respondent, v WILLIAM H. ANDERSON, SR., Appellant. [779 NYS2d 667]—

Crew III, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered February 4, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of protection.

The parties are the biological parents of three children. At present, respondent is serving an unspecified period of incarceration for attempting to murder petitioner. In conjunction therewith, Family Court issued an order of protection in July 1999 in favor of petitioner and the children, granting respondent supervised visitation with the children at least once a month at the correctional facility where he is incarcerated, with such visits to be supervised by a mutually agreed upon individual. In October 2001, petitioner sought to vacate the underlying order of protection, and the parties thereafter agreed to permit petitioner to supervise the visits between respondent and the children. By order entered January 9, 2002, Family Court modified the order of protection accordingly. Neither party appealed from that order.

Almost one year later, petitioner sought to "modify" the July 1999 and the January 2002 orders of protection contending that respondent's good behavior during two 48-hour prison visits warranted vacatur thereof. Family Court dismissed petitioner's application without a hearing, finding that petitioner's remedy with regard to the January 2002 order was a timely appeal. Family Court further noted that petitioner's application, if treated as a modification petition, failed to allege sufficient facts to trigger an evidentiary hearing. This appeal by respondent, which petitioner has not opposed, ensued.

We affirm. As Family Court correctly observed, the appropriate avenue for remedying any perceived defect in the modified order of protection issued in January 2002 was a timely appeal, which did not occur here. We are equally persuaded that Family Court did not err in dismissing petitioner's "modification" petition. The generalized and conclusory affidavit of petitioner, which focuses solely upon two allegedly successful 48-hour visits during which respondent refrained from committing any violent acts against petitioner and/or the children, does not provide a sufficient basis to trigger an evidentiary hearing (*see Matter of Jason DD. v Maryann EE.*, 4 AD3d 687, 688 [2004]). Accordingly, Family Court's order is in all respects affirmed.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.