■ In the Matter of ANTHONY QQ. and Another, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN QQ., Appellant. [852 NYS2d 459]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Maney, J.), entered June 7, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to extend the placement of respondent's children.

Respondent is the father of two sons (born in 1999 and 2000) who were removed from the home in August 2000 and placed in foster care by petitioner. They were adjudicated as neglected children in May 2001 and the mother voluntarily surrendered her parental rights in May 2003. A permanency plan with a goal of returning the children to respondent was established and, after he relocated to Arkansas for employment purposes, Family Court (Cholakis, J.) issued a permanency hearing order in October 2006 in which respondent was given four consecutive days of supervised visitation every month and petitioner covered his airfare, lodging and transportation costs. Subsequently, a new permanency hearing report was prepared by petitioner with a goal of reunification and, following a hearing in May 2007, Family Court (Maney, J.) issued an order continuing the children in foster care, modifying respondent's supervised visita-

tion to one day per week and directing his participation in various services. Respondent appeals.

Respondent argues that Family Court erred in considering, over his hearsay objection, the permanency hearing report prepared by petitioner. The preparation of a detailed permanency hearing report is required by statute (*see* Family Ct Act § 1089 [c]). The Legislature has specifically directed that such report "shall be submitted to the court" (Family Ct Act § 1089 [b] [2]). Hence, although the report is hearsay, there is an explicit statutory exception permitting the court to consider the report (*see generally Comiskey v Arlen,* 55 AD2d 304, 309 [1976], *affd* 43 NY2d 696 [1977] [Legislature has power to carve out exceptions to the hearsay rule]). Moreover, the statute provides that a child's parent (as well as other interested parties) are to receive the report in advance of a hearing (*see* Family Ct Act § 1089 [b]), thus satisfying notions of fundamental fairness and obviating potential undue prejudice (*cf. Matter of Allen v Wells,* 256 AD2d 651, 652-653 [1998]). To the extent that respondent contends that the procedures employed violated his due process rights, we note that by providing him the report in advance, he was afforded ample opportunity to address it and, if he desired, to present proof challenging it (*see Matter of Gordon L. v Michelle M.,* 296 AD2d 628, 630 [2002]).

Next, respondent asserts that the permanency hearing was not completed within the statutory time frame (*see* Family Ct Act § 1089 [a] [3]). While the hearing was originally scheduled to commence in compliance with the statute, Family Court (Cholakis, J.) was recused and subsequently both respondent's counsel and the Law Guardian requested an adjournment, which was granted. Another brief adjournment was granted to permit respondent, who was traveling, to appear in person. These circumstances presented good cause to justify the brief adjournments. Further, even if there had been an unjustified brief delay in complying with the statutory time frame, the remedy in this case would not be, as requested by respondent, an immediate return of the children to him.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.