■ In the Matter of DYLAN TT. and Others, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH UU., Appellant. [905 NYS2d 345]—

Mercure, J.P. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 25, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent is the father of two girls, born in 2005 and 2006, and the stepfather of a boy, born in 2003. Petitioner commenced this neglect proceeding, alleging that, in separate 2008 incidents, respondent struck his stepson in the face after he soiled himself, and picked him up and threw him to the floor, causing bruising and abrasions.* At the conclusion of a fact-finding hearing, Family Court found that respondent had neglected his stepson and derivatively neglected his daughters. Family Court thereafter issued a dispositional order placing respondent under petitioner's supervision and imposing an order of protection against him. Respondent now appeals and, inasmuch as Family Court's finding of neglect is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [b] [i]), we affirm.

Respondent argues that his stepson's out-of-court statements regarding the incidents were not sufficiently corroborated by evidence tending to support their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [2008], lv denied 12 NY3d 706 [2009]; Matter of Corey C., 20 AD3d 736, 737 [2005]). We note, however, that the mother witnessed the May 2008 incident and testified that respondent—despite her efforts to restrain him—screamed at the stepson and struck him in the face after a toilet training accident. With regard to the September 2008 incident, the stepson stated that he was walking in front of respondent, who became irritated at his stepson's slow pace, picked him up and threw him down a hallway. After that incident, several individuals testified to observing abrasions, red marks and bruising on the stepson's face and neck, and a contemporaneous photograph shows abrasions on his nose and cheek. Furthermore, the mother testified

---

* A separate neglect petition, filed against the mother of the children, was adjourned in contemplation of dismissal.

that the stepson was afraid of respondent and would cower or hide when respondent was present, and respondent admitted that the stepson sometimes flinched when he approached. Contrary to respondent's contentions, this testimonial and photographic evidence corroborated the stepson's out-of-court statements (*see Matter of Justin O.*, 28 AD3d 877, 878 [2006]; *Matter of Michael W.*, 263 AD2d 684, 685 [1999]).

Moreover, the foregoing provides a sound and substantial basis to support Family Court's finding that the stepson's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of [respondent's] failure . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i]). Respondent repeatedly acted in a manner that not only could have, but did, injure the stepson, and his actions left the stepson in a state of fear. Accordingly, there was a "showing of 'imminent danger' of harm or impairment suffic[ient] to establish that [the stepson] was a neglected child" (*Matter of Collin H.*, 28 AD3d 806, 809 [2006], quoting Family Ct Act § 1012 [f] [i]; *see Matter of Corey C.*, 20 AD3d at 738; *cf. Matter of Anthony PP.*, 291 AD2d 687, 688-689 [2002]).

Finally, because respondent's actions evince "such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care," Family Court properly determined that he had derivatively neglected his two daughters (*Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]; *see Matter of Steven L.*, 28 AD3d 1093 [2006], *lv denied* 7 NY3d 706 [2006]).

Peters, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.