Spain, J.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 1997). Following a hearing, the father was granted sole custody of the child in June 2003, with the mother having parenting time one evening per week, alternate weekends from 6:00 p.m. on Fridays until 6:00 p.m. on Sundays, alternate major holidays and four weeks during summer vacation (see Matter of Crippen v Keator, 9 AD3d 535 [2004]). The parties were also ordered to share winter and spring school breaks and to share all transportation.
In July 2010, the 2003 order was modified, reducing the times of the alternate weekend visitation to 10:00 a.m. on Saturdays until 4:00 p.m. on Sundays, with all other terms of the 2003 order expressly remaining in effect. In December 2010, the mother was ordered to provide all transportation regarding visitation, and the terms of the July 2010 and 2003 orders remained in effect. Thereafter, both parties filed visitation modification petitions, with the mother requesting that the times for the alternate weekend visitation be expanded and that the father share in the weekend visitation transportation. After a hearing, Family Court determined that the mother should retain responsibility for all of the transportation but, upon stipulation of the parties, granted the mother’s other request, expanding the weekend visitation time to 6:00 p.m. on Fridays until 3:00 p.m. on Sundays. The court stated that it intended to enter a new order which would incorporate that change with the remaining unmodified terms of the prior orders. An initial order was entered on March 18, 2011 containing, among other things, *1048 the mother’s visitation during alternate weekends and major holidays, four weeks during the summer months, and equally shared school breaks, as well as the requirement that the mother provide all transportation. Thereafter, an amended order was entered which, among other things, listed as the mother’s visitation only alternate weekends and alternate Thanksgiving and Christmas days, with no mention of summer vacation, school breaks or other major holidays, and continued the requirement that the mother provide all transportation. The mother now appeals from the amended order.
Initially, the mother challenges Family Court’s refusal to modify the requirement that she provide all the transportation regarding visitation. “A petitioner seeking to modify an existing visitation order must demonstrate a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child” (Matter of White v Cicerone, 80 AD3d 1102, 1103 [2011], lv denied 16 NY3d 711 [2011] [internal quotation marks and citations omitted]). Here, there is no evidence in the record of a change in circumstances and, in fact, the mother admitted at the hearing that she was able to transport the child. Accordingly, Family Court properly denied the mother’s modification request. To the extent that the mother challenges the December 2010 order that initially directed that she provide all the transportation, she never appealed from that order and that argument is not properly before us in this appeal (see Family Ct Act § 1113; Matter of Melody J. v Clinton County Dept. of Social Servs., 72 AD3d 1359, 1360 [2010], lv denied 15 NY3d 703 [2010]; Matter of Regan v Zalucky, 56 AD3d 825, 826 [2008]).
We now turn to the issue of the mother’s parenting time during the summer, school breaks and major holidays, which was granted to the mother in 2003 (and continued in the 2010 modified orders), but omitted from the amended order appealed from here. We agree with the mother that there is nothing in the record to indicate that Family Court had modified these provisions prior to the amended order, and Family Court made no such modification at the hearing that preceded that amended order. Also, it is unclear from the hearing transcript whether the mother intended to forfeit such a significant amount of her parenting time under the parties’ stipulation or if the matter was mistakenly overlooked. Insofar as we find no basis for the amended order omitting a significant portion of the mother’s visitation, as the father candidly concedes, we must remit the matter to Family Court for further proceedings to resolve this *1049 issue.* In light of this determination, we need not address the mother’s remaining claim.
Mercure, J.E, Rose, Malone Jr. and Garry, JJ, concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as limited the mother’s visitation to alternate weekends and alternate Thanksgiving and Christmas days; matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 We note that the mother could more readily have pursued relief by moving in Family Court to correct this apparent mistake or to amend the order to reflect the court’s intent (see CPLR 5019 [a]; Matter of Glazier v Brightly, 81 AD3d 1197, 1199 [2011]).