Spain, J.
Appeals (1) from an order of the Family Court of Chemung County (Brockway, J.), entered October 24, 2011, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation, and (2) from an order of said court, entered November 22, 2011, which, sua sponte, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify said prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child born in 2007. In August 2009, after their separation, an order was entered, upon the parties’ consent, providing the mother with primary physical custody and the father with supervised visitation. Although the visitation order originally provided for the visits to be supervised by the father’s mother or aunt, it was reportedly amended, in part, in August 2010 to allow the father’s supervised visits to occur at a family resource center or the local YWCA.
In the spring of 2011, during a supervised visit with the child at the family resource center, the father was involved in an altercation with another parent and, as a result, he was prohibited from continuing supervised visitation there. Thereafter, the father had supervised visitation at the YWCA until he petitioned Family Court for modification of the August 2009 visitation order, seeking unsupervised visitation. Finding that the father failed to sustain his burden of “demonstrating] a change in circumstances that reflected] a genuine need for the modification so as to ensure the best interests of the child” (Matter of Keator v Crippen, 99 AD3d 1047, 1048 [2012] [internal quotation marks and citation omitted]), Family Court *1066 granted the mother’s motion to dismiss the petition at the close of the father’s proof. About a week after that petition was dismissed, the father filed another petition with Family Court, requesting substantially the same relief — unsupervised visitation. Family Court dismissed the father’s second petition, advising him that to challenge the court’s prior order, he should appeal from the dismissal of his first petition. This Court consolidated the father’s appeals from the orders dismissing those petitions, and we now dismiss the appeals as moot.
The father’s petitions sought unsupervised visitation with the child. He testified that he had supervised visitation with the child once a week, for between éVs and 5V2 hours, but he argued that supervision was unnecessary. In August 2012, in response to another of the father’s petitions wherein he requested that his supervised visitation on every other weekend be changed to unsupervised visitation, and subsequent to the filing of the appeals addressed herein, Family Court — in a “Final Settlement [and] Order” that was placed on the record — modified its August 2009 order and granted the father unsupervised visitation on alternate Sundays from 9:00 a.m. to 5:00 p.m. Inasmuch as the father has received all of the relief requested in the two dismissed petitions before us and “a new order . . . superceded the order[s] being appealed, th[ese] appeals] [are] moot” (Matter of Mace v Miller, 93 AD3d 1086, 1086 [2012]; see Matter of Stalker v Stalker, 88 AD3d 1177, 1178 [2011]; Matter of Yishak v Ashera, 68 AD3d 1282, 1284 [2009]; Matter of Walker v Adams, 31 AD3d 1018, 1018 [2006]; Matter of Rebecca O. v Todd P., 309 AD2d 982, 983 [2003]).
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.