*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521042
_____

In the Matter of STEPHANIE RR.
    and Others, Alleged to be
    Neglected Children.

SULLIVAN COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                         MEMORANDUM AND ORDER
                        Respondent;

PEDRO RR.,
                        Appellant.
_____

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

        Cliff Gordon, Monticello, for appellant.

        Constantina Hart, Sullivan County Department of Social
Services, Monticello, for respondent.

        Bruce Perlmutter, Woodbridge, attorney for the children.

        Hannah Rose Prall, Bloomingburg, attorney for the children.

        Danielle Jose-Decker, Monticello, attorney for the child.

_____

Clark, J.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered March 2, 2015, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 10, to adjudicate the subject children to
be neglected.

Following respondent's arrest on charges of rape in the
first degree and incest in the third degree, a report of the
Central Register of Child Abuse and Maltreatment made against
respondent and an investigation into that report, petitioner
commenced the instant Family Ct Act article 10 proceeding,
alleging that respondent neglected four of his children (born in
1996, 1998, 2002 and 2004) (hereinafter the children) and
derivatively neglected his grandson and granddaughter (born in
2009 and 2011, respectively) (hereinafter the grandchildren).
Following fact-finding and dispositional hearings, Family Court,
among other things, adjudicated the children to be neglected and
the grandchildren to be derivatively neglected and issued orders
of protection in favor of the children and grandchildren.
Respondent appeals, and we affirm.

In a neglect proceeding, the petitioner bears the burden of
proving, by a preponderance of the evidence, that a child's
"physical, mental or emotional condition was harmed or is in
imminent danger of such harm as a result of the parent's failure
to exercise [the] minimum degree of care that a reasonably
prudent person would have used under the circumstances" (Matter
of Marcus JJ. [Robin JJ.], 135 AD3d 1002, 1004 [2016]; see Family
Ct Act §§ 1012 [f] [i]; 1046 [b] [i]; Matter of Dylynn V.
[Bradley W.], 136 AD3d 1160, 1161-1162 [2016]).  While a child's
out-of-court statements of abuse or neglect are admissible in
Family Ct Act article 10 proceedings, such statements may support
a finding of abuse or neglect only if they are "'corroborated by
any evidence tending to support [their] reliability'" (Matter of
Katrina CC. [Andrew CC.], 118 AD3d 1064, 1065 [2014], quoting
Matter of Joshua QQ., 290 AD2d 842, 843 [2002]).  "'A relatively
low degree of corroborative evidence is sufficient to meet this
threshold, and the reliability of the corroboration, as well as
issues of credibility, are matters entrusted to the sound
discretion of Family Court and will not be disturbed unless
clearly unsupported by the record'" (Matter of Kimberly Z. [Jason
Z.], 88 AD3d 1181, 1182 [2011], quoting Matter of Justin CC.
[Tina CC.], 77 AD3d 1056, 1057 [2010], lv denied 16 NY3d 702
[2011]).

The evidence presented by petitioner at the fact-finding
hearing consisted of testimony from a child protective services

caseworker and the children's mother.  The caseworker testified that she twice interviewed one of the children, Angel RR.  She stated that, during the first interview, Angel reported that respondent would frequently hit, slap and smack him and that he had witnessed respondent strike his mother and two of the other children on numerous occasions.  According to the caseworker, Angel specifically recounted an instance when respondent punched one of his sisters in the back and in the chest "for no reason."  Additionally, she testified that Angel asserted that he was afraid of respondent and that he would regularly check on his sisters in the morning to make sure that they were safe.  During the second interview, Angel stated that respondent would "often" slap him in the face and that he observed respondent physically assault his mother "with objects."  The caseworker also testified that Angel reported one occasion when respondent pushed him, causing him to fall onto the garage floor and chip his teeth.  Several of Angel's out-of-court statements were reflected in a written deposition, which was prepared by the caseworker and signed by Angel.  In that deposition, Angel stated that he watched respondent burn the mother's arm with a lighter, that respondent laughed after pushing him in the garage and that one of his sisters had to wear a brace or a cast as a result of respondent pushing her.  Angel also stated that, since respondent's incarceration, he had felt "happier" and that "[t]he hitting [had] stopped."

The mother testified that respondent physically and verbally abused her on a daily basis in the presence of the children.  Specifically, she asserted that Angel had witnessed respondent burn her with a lighter, that respondent had dragged her around the house by her hair in the presence of three of the children and that respondent had also hit her with a baseball bat.  The mother's testimony, which was expressly credited by Family Court, established that respondent regularly perpetrated acts of domestic violence against her in the presence of the children and that the children were upset and frightened by those acts.  Such testimony was sufficient to support a finding that respondent neglected the children (see Matter of Joshua V. [Rahsaan J.], 137 AD3d 1153, 1153-1154 [2016]; Matter of Cheyenne OO. [Cheyenne QQ.], 135 AD3d 1096, 1097 [2016]; Matter of Michael WW., 20 AD3d 609, 611-612 [2005]).  The mother's testimony also

sufficiently corroborated Angel's out-of-court statements that respondent regularly struck, slapped and/or pushed him and his siblings, which provided further support for the finding that respondent neglected the children (see Matter of Jack P. [Joi Q.], 80 AD3d 812, 813-814 [2011], lv denied 16 NY3d 710 [2011]).

Although respondent offered evidence to refute the mother's testimony and Angel's out-of-court statements and also argues on appeal that the mother was not credible, we defer to Family Court's assessments as to credibility and the reliability of the corroborative evidence (see Matter of Miranda HH. [Thomas HH.], 80 AD3d 896, 899 [2011]). Accordingly, we conclude that a sound and substantial basis exists in the record to support Family Court's finding that respondent neglected the children. As respondent's acts of domestic violence in the presence of the children, as well as his acts of physical aggression towards the children, "demonstrate[] such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care," we also decline to disturb Family Court's determination that respondent derivatively neglected the grandchildren (Matter of Branden P. [Corey P.], 90 AD3d 1186, 1189 [2011]; see Matter of Dylan TT. [Kenneth UU.], 75 AD3d 783, 784 [2010]).

Peters, P.J., Garry, Rose and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court