*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                522404
_____

In the Matter of ANGEL RR.
   and Another, Neglected
   Children.

SULLIVAN COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                          MEMORANDUM AND ORDER
                  Respondent;

GLORIA RR.,
                  Respondent.

PEDRO RR.,
                  Appellant.
_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Cliff Gordon, Monticello, for appellant.

        Constantina Hart, Sullivan County Department of Social
Services, Monticello, for Sullivan County Department of Social
Services, respondent.

        Hannah Rose Prall, Bloomingburgh, attorney for the
children.

_____

Lynch, J.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered December 3, 2015, which, in a proceeding
pursuant to Family Ct Act articles 10 and 10-A, continued the
permanency plan for the subject children.

Pedro RR. (hereinafter the father) and respondent are the parents of two children born in 2002 and 2004 (hereinafter the subject children). In March 2015, Family Court determined that the father neglected four of his children, including the subject children, and issued an order of protection against the father.[1] The subject children were placed outside of the home and, in December 2015, Family Court held a permanency hearing to reassess their placement. The father, who was and remains incarcerated, was provided notice of the permanency hearing and appeared via telephone as a nonrespondent parent (see Family Ct Act § 1035 [d]). The father was represented by counsel who advised the father to not speak during the hearing. Despite this advice, the father said that he "just want[ed] to see [his] kids when [he got] out" of prison. The court responded, "I believe there's an order of protection in place that prevents you from seeing them for at least eight years after the maximum expiration of your sentence, so that's the way that is." The father now appeals.

The father claims that he was denied his right to participate in the December 2015 permanency hearing and requests a new hearing. However, because the father appeared at a subsequent permanency hearing in May 2016 and, thus, has received the relief he now requests, we dismiss the appeal as moot (see Matter of Little v Little, 107 AD3d 1065, 1066 [2013]; Matter of Dye v Bernier, 104 AD3d 1102, 1102 [2013]). In any event, a nonrespondent parent "has a limited statutory role and narrow rights under Family Ct Act § 1035 (d) to: (1) pursue temporary custody of his or her child/children during fact-finding, and (2) seek permanent custody during the dispositional phase" (Matter of Telsa Z. [Rickey Z.—Denise Z.], 71 AD3d 1246, 1251 [2010]). Contrary to the father's argument on appeal, the record confirms that the father received the requisite notice of the December 2015 permanency hearing (see Family Ct Act § 1089 [b] [i]; 12 NYCRR 205.17 [c]; Matter of Telsa Z. [Rickey Z.—Denise Z.], 71 AD3d at 1250-1251) and, in view of his extended incarceration, he was in no position to pursue custody. Further, he cannot

_____

[1] This Court affirmed Family Court's finding in June 2016 (Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237, 1238 [2016]).

challenge the order of protection within the permanency hearing (see Family Ct Act § 1061; Matter of Anderson v Anderson, 9 AD3d 619, 620 [2004]; Matter of Matthew W. v Sandra W., 291 AD2d 693, 694 [2002]).

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court