### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 5, 2017                    522542
_____

In the Matter of WILLIAM KK.,
    Alleged to be a Neglected
    Child.

BROOME COUNTY DEPARTMENT OF                MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent;

SAMANTHA LL.,
                    Appellant,
                    et al.,
                    Respondents.
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Lisa K. Miller, McGraw, for appellant.

        Thomas Coulson, Broome County Department of Social
Services, Binghamton, for Broome County Department of Social
Services, respondent.

        Christopher Pogson, Binghamton, attorney for the child.

_____

Aarons, J.

        Appeal from an order of the Family Court of Broome County
(Young, J.), entered January 7, 2016, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate the subject child to be neglected.

Respondent Samantha LL. (hereinafter respondent) is the mother of the subject child (born in 2013). Weekday mornings, respondent generally dropped the child off with the child's paternal grandparents, who watched the child from 10:00 a.m. to 7:00 p.m. while respondent was at work. Respondent would pick up the child later in the evening. One morning in July 2014, after the child was left with the grandparents, the grandmother took the child to the hospital where it was revealed that the child had sustained a skull fracture and had multiple bruises and abrasions throughout his body. Petitioner subsequently commenced this Family Ct Act article 10 proceeding alleging that respondent, among others, neglected the child. Following a fact-finding hearing, Family Court adjudicated the child to be neglected. Respondent appeals. We affirm.

In a neglect proceeding, petitioner bears the burden of establishing by a preponderance of the evidence that the child's physical, mental or emotional condition was harmed or imminently in danger of such harm due to a parent's failure to exercise a minimum degree of care (see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]; Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237, 1238 [2016]; Matter of Daniel X. [Monica X.], 114 AD3d 1059, 1060 [2014]). To establish a prima facie case of neglect, petitioner must demonstrate that "the child in question sustained the type of injury that ordinarily would not occur absent an act or omission by the parent or person otherwise legally responsible for his or her care and, further, that such individual was the caretaker of the child at the time the underlying injury occurred" (Matter of Steven M. [Stephvon O.], 88 AD3d 1099, 1100 [2011]; see Family Ct Act § 1046 [a] [ii]; Matter of Maddesyn K., 63 AD3d 1199, 1200 [2009]). Family Court's credibility determinations are accorded due deference and will not be disturbed so long as they are supported by a sound and substantial basis in the record (see Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1100 [2014]; Matter of Thomas M. [Susan M.], 81 AD3d 1108, 1109 [2011]).

We conclude that petitioner made a prima facie showing that respondent neglected the child. The grandparents watched the child on July 10, 2014 and they found nothing abnormal about the child. When changing the child's clothes or diapers, the

paternal grandmother did not see any bruises, rashes or abrasions. That evening when the grandmother dropped the child off with respondent, she informed respondent that the child had a long day and was tired. The next morning, during the exchange of the child, respondent told the grandmother that the child had a rash, which respondent believed was caused by the child's pajamas. The grandmother, however, testified that the child's behavior, while not alarming, was unusual. The child was fussy, quiet and had no appetite. When the grandmother tried to change the child's clothes and diapers, the child did not want to lie on his back and appeared to be in pain, and the grandmother noticed bruises on the child's chest, leg, shoulder and head. At approximately 1:00 p.m., the grandmother took the child to a hospital where the child was diagnosed with a skull fracture and numerous bruises throughout his body. A physician who testified on petitioner's behalf opined that the child's injuries were caused by nonaccidental means and likely occurred 15 to 18 hours prior to the child's hospital admission. While respondent argues that the physician's opinion should have been disregarded because the physician did not personally examine the child, the failure to do so, while not insignificant, does not render the physician's opinion without any probative value (see Matter of April WW. [Kimberly WW.], 133 AD3d 1113, 1118 [2015]). Rather, it goes to the weight to be accorded to such opinion. Furthermore, respondent waived any challenge to the physician's credentials inasmuch as she never objected to Family Court's qualification of the physician as an expert (see Matter of Kaitlyn R., 267 AD2d 894, 896 [1999]). Based on the foregoing, we conclude that petitioner adduced prima facie evidence of neglect (see Matter of Ameillia RR. [Megan SS.–Jered RR.], 112 AD3d 1083, 1084 [2013]; Matter of Seamus K., 33 AD3d 1030, 1032 [2006]).

In response to petitioner's prima facie showing, respondent failed to provide a reasonable explanation for the child's injuries (see Matter of Izayah J. [Jose I.], 104 AD3d 1107, 1109 [2013]; Matter of Seamus K., 33 AD3d at 1033). Respondent instead contends that the child's injuries could have been inflicted while the child was under the care of the grandparents. Respondent, however, acknowledged that there was nothing wrong with the child in the days prior to July 11, 2014 when the

grandparents returned the child to her.  The grandmother also testified that, from the moment the mother dropped the child off to her on the morning of July 11, 2014 to when she took the child to the hospital approximately three hours later, nothing occurred that may have led to the child's injuries.  To that end, Family Court found that the grandmother "testified credibly."  According deference to Family Court's credibility assessments (see Matter of Stephanie RR. [Pedro RR.], 140 AD3d at 1238), we discern no reason to disturb Family Court's finding that the mother was responsible for the child's care when the injuries occurred (see Matter of Brayden UU. [Amanda UU.], 116 AD3d 1179, 1181-1182 [2014]; Matter of Seamus K, 33 AD3d at 1033-1034).  Additionally, taking into account that Family Court was entitled to draw a negative inference against respondent based upon her invocation of her right against self-incrimination after being asked whether she did anything to harm the child or if she was aware of his injuries (see Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1246 [2014], lv denied 24 NY3d 907 [2014]), we conclude that a sound and substantial basis exists to support Family Court's determination of neglect (see Matter of Justin A. [Derek C.], 133 AD3d 1106, 1108 [2015], lv denied 27 NY3d 904 [2016]; Matter of Heaven H. [Linda H.], 121 AD3d 1199, 1200-1201 [2014]).

   McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur.


   ORDERED that the order is affirmed, without costs.




        ENTER:

        Robert D. Mayberger
        Clerk of the Court