■ In the Matter of GABRIELLA RR. and Others, Alleged to be Neglected Children. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondent; TINA SS., Appellant, et al., Respondent. [51 NYS3d 908]—

Garry, J.P. Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered January 12, 2016, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, extended the placement of the subject children.

Respondent Tina SS. (hereinafter the mother) is the mother of the four subject children (born in 2009, 2011, 2012 and 2014). The children were removed from the mother's care and, in September 2015, were adjudicated to be neglected. Following a permanency hearing in October 2015, Family Court approved petitioner's permanency plan to work towards reunification with the mother, to provide the mother certain supervised visitation, to continue the placement of the child born in 2011 with that child's biological father, and to continue the placement of the other children with the maternal great-grandmother. A permanency hearing order to that effect was entered in January 2016. A dispositional hearing was held in November 2015, and the order of disposition, entered in February 2016, continued the placement of the children as provided in the permanency plan, but increased visitation to the mother.[1] The mother appeals from the January 2016 permanency hearing order.[2]

Initially, as two subsequent permanency orders have been issued following the order appealed from, this appeal has been rendered moot (see Matter of Lauren L. [Cassi M.], 79 AD3d 1172, 1172 [2010]; Matter of Destiny HH., 63 AD3d 1230, 1231 [2009], lv denied 13 NY3d 706 [2009]; Matter of Ariel FF., 63 AD3d 1202, 1203 [2009]). With specific regard to the child born in 2011, the mother's appeal has also been rendered moot by a final order granting custody to the child's biological father in February 2016 (see Matter of Dezerea G. [Lisa G.], 97 AD3d 933, 935 [2012]; Matter of Jacob SS., 59 AD3d 825, 826 [2009]). To the extent that the mother presents due process challenges on the basis that she was absent from the permanency hearing (see Matter of Damian D. [Patricia WW.], 126 AD3d 12, 16 n 3 [2015]; Matter of Telsa Z. [Denise Z.], 84 AD3d 1599, 1600 n 2 [2011], lv denied 17 NY3d 708 [2011]), we find no merit in her allegations, as she was represented by counsel who actively participated in the proceedings and did not request an adjourn-

---

1. The dispositional hearing had been scheduled to occur simultaneously with the permanency hearing, but was adjourned due to the mother's absence.

2. Although both orders are addressed in the mother's brief on appeal, her notice of appeal was confined to the January 2016 permanency hearing order.

ment (*see Matter of Paige WW. [Charles XX.]*, 71 AD3d 1200, 1205 [2010]; *Matter of Curtis N.*, 288 AD2d 774, 775-776 [2001], *lv denied* 97 NY2d 610 [2002]).

Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.