Matter of Kimberly RR. (Gloria RR.--Pedro RR.) (2018 NY Slip Op 07017)





Matter of Kimberly RR. (Gloria RR.--Pedro RR.)


2018 NY Slip Op 07017


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of KIMBERLY RR., Alleged to be a Neglected Child. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLORIA RR., Respondent. PEDRO RR., Appellant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
Constantina Hart, Sullivan County Department of Social Services, Monticello, for Sullivan County Department of Social Services, respondent.
Lindsey H. Kaplan, Kingston, for Gloria RR., respondent.
Jane M. Bloom, Monticello, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered September 22, 2017, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject child.
Pedro RR. (hereinafter the father) and respondent are the parents of, as is relevant here, a daughter (born in 2004). In June 2016, this Court affirmed a finding of Family Court that the father, among other things, neglected the child, who was then placed outside the home in petitioner's custody (Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237 [2016]). In connection with the finding of neglect, Family Court also issued orders of protection in favor of, among others, the child (id.). In December 2015, Family Court held a permanency hearing and, as relevant here, continued placement of the child. The father appealed, contending, among other things, that, as a nonrespondent parent, he did not receive proper notice or an opportunity to be heard in connection with that permanency hearing. This Court dismissed the appeal, finding that a subsequent permanency hearing rendered the appeal moot (Matter of Angel RR. [Gloria RR.], 145 AD3d 1136 [2016]).
In August 2017, another permanency hearing was held to reassess the child's continued placement. The father was provided notice of the permanency hearing as well as a copy of the permanency report. The father, who was and remains incarcerated, appeared at the permanency hearing via telephone as a nonrespondent parent and was represented by counsel (see Family Ct Act § 1035 [d]). At the conclusion of the hearing, Family Court approved the permanency plan and continued the child's placement [FN1]. The father appeals and we affirm.
The father contends that he was not provided an opportunity to be heard at the permanency hearing [FN2]. This contention is without merit. A nonrespondent parent is entitled to notice of the permanency hearing and the permanency hearing report no later than 14 days before the date of the permanency hearing (see Family Ct Act § 1089 [b] [i]; 22 NYCRR 205.17 [c]). In addition, a nonrespondent parent has "the right to appear and participate in the proceeding as an interested party intervenor for the purpose of seeking temporary and permanent release of the child . . . or custody of the child . . ., and to participate thereby in all arguments and hearings insofar as they affect the temporary release or custody of the child during fact-finding proceedings, and in all phases of dispositional proceedings" (Family Ct Act § 1035 [d]; see Matter of Telsa Z. [Rickey Z.—Denise Z.], 71 AD3d 1246, 1251 [2010]). Here, the father does not dispute that he was provided with notice of the permanency hearing and the permanency hearing report. Further, the record confirms that the father appeared at the permanency hearing via telephone and was represented by counsel. Moreover, when asked by Family Court during the hearing if there was any evidence or witnesses to present, the father's counsel answered in the negative. After ruling that the child continue to be placed with petitioner, the court again asked if there was anything else to address before concluding the matter, to which the father's counsel again answered in the negative. In view of the foregoing, the record belies the father's contention that he was precluded from participating in the permanency hearing and, as such, he was not denied procedural due process (see generally Matter of Gabriella RR. [Tina SS.], 150 AD3d 1427, 1428 [2017]; Matter of Anthony QQ., 48 AD3d 1014, 1015 [2008], lv denied 10 NY3d 714 [2008]).
McCarthy, J.P., Lynch, Devine and Mulvey, JJ, concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We note that there is no indication in the record that an age appropriate consultation with the child occurred nor does it appear that the attorney for the child discussed with the child whether she wanted to assert her right to participate in the hearing (see Family Ct Act §§ 1089 [d]; 1090-a; see generally Matter of Desirea F. [Angela F.], 137 AD3d 1519, 1520 [2016]). Given that the child had been in petitioner's care for over three years, the seriousness of this omission is pronounced. Steps must be taken in the future to not only abide by these statutory mandates to assure meaningful participation by the child, but also to create a record that facilitates meaningful appellate review.

Footnote 2: Petitioner contends that this matter is moot due to a subsequent permanency hearing having occurred, just as in Matter of Angel RR. [Gloria RR.] (145 AD3d 1136 [2016], supra). There, however, the record indicated that the father attended the subsequent hearing (id.). Here, while petitioner's brief states that a subsequent permanency hearing was held in January 2018, this information, without more, is insufficient to determine whether the father's right to participate in the August 2017 hearing was cured by the subsequent hearing or whether the alleged denial of such right continued (compare id.).