Matter of Kimberly RR. (Gloria RR.--Pedro RR.) (2019 NY Slip Op 01276)





Matter of Kimberly RR. (Gloria RR.--Pedro RR.)


2019 NY Slip Op 01276


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526481

[*1]In the Matter of KIMBERLY RR., Alleged to be a Neglected Child. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLORIA RR., Respondent. PEDRO RR., Appellant.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
Constantina Hart, Sullivan County Department of Social Services, Monticello, for Sullivan County Department of Social Services, respondent.
Lindsay H. Kaplan, Kingston, for Gloria RR., respondent.
Jane M. Bloom, Monticello, attorney for the child.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered March 8, 2018, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject child.
Pedro RR. (hereinafter the father) is the father of the subject child (born in 2004). In March 2015, Family Court adjudicated the child to be neglected by the father, placed the child in petitioner's custody, and issued an order of protection against the father. This Court affirmed Family Court's determination upon appeal (Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237 [2016]). The father, who is incarcerated, has made several challenges throughout the [*2]course of the ensuing permanency hearings. The child's placement with petitioner has been continued (see Matter of Kimberly RR. [Gloria RR.—Pedro RR.], 165 AD3d 1428 [2018]; Matter of Angel RR. [Gloria RR.—Pedro RR.], 152 AD3d 1010 [2017]; Matter of Angel RR. [Gloria RR.], 145 AD3d 1136 [2016]). In the most recent determination, this Court modified the order of protection — which had an expiration date of January 2022 — to expire in March 2016. The matter was then remitted to Family Court to render "an initial determination as to whether visitation serves the best interests of the children" (Matter of Pedro A. v Gloria A., ___ AD3d ___, ___, 91 NYS3d 588, 589 [2019]).
The father requested visitation within the permanency hearing held in January 2018. Family Court denied his request and issued an order continuing the child's placement with petitioner. The father appeals, contending that Family Court erred in denying his request for visitation [FN1]. We note that although Family Court very briefly addressed some of the factors related to best interests, the denial of visitation was ultimately based upon the then-existing order of protection, which was subsequently modified. Thus, the issue of visitation has not been fully or appropriately addressed at this juncture, and our prior decision specifically remitted for a hearing and determination of this issue. In light of these unusual procedural circumstances, the appeal must be dismissed as moot.
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: This appeal was perfected and presented during the pendency of our most recent determination.