Matter of Damiek TT. (Damiek UU.) (2024 NY Slip Op 05925)

Matter of Damiek TT. (Damiek UU.)

2024 NY Slip Op 05925

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-0655
[*1]In the Matter of Damiek TT. and Another, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Damiek UU., Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Carolyn Snyder Lemmon, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Jennifer M. Barnes of counsel), for respondent.
Ellen Bennett Becker, Albany, attorney for the child.
Lara P. Barnett, Duanesburg, attorney for the child.

Egan Jr., J.
Appeal from an order of the Family Court of Schenectady County (Kevin A. Burke, J.), entered March 2, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the father) is the father of the subject children (born in 2014 and 2019). Petitioner commenced this neglect proceeding in November 2020, alleging that the father had neglected the subject children in numerous respects. An extensive fact-finding hearing ensued. Family Court thereafter issued an order in which it found that the father had neglected the older child by subjecting him to excessive corporal punishment and that such behavior constituted derivative neglect of the younger child.[FN1] The father appeals.
We affirm. "Neglect is established when a preponderance of the evidence shows that the children's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the children results from the parent's failure to exercise a minimum degree of care in providing the children with proper supervision or guardianship" (Matter of Aiden J. [Armando K.], 197 AD3d 798, 798-799 [3d Dept 2021] [internal quotation marks and citations omitted]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Caylin T. [Christine T.], 229 AD3d 859, 861 [3d Dept 2024]). Notably, while out-of-court statements by a child are insufficient to support a finding of neglect by themselves, they will suffice if corroborated by "[a]ny other evidence tending to support [their] reliability" (Family Ct Act § 1046 [a] [vi]). There need only be "[a] relatively low degree of corroborative evidence . . . to meet this threshold, and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed" so long as they are supported by a sound and substantial basis in the record (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057 [3d Dept 2010] [internal citations omitted], lv denied 16 NY3d 702 [2011]; see Matter of Olivia RR. [Paul RR.], 207 AD3d 822, 824 [3d Dept 2022]).
Here, a caseworker employed by petitioner testified as to how she interviewed several individuals, including the older child, during the course of an investigation in 2020. During those interviews, the older child told her that the father "smack[ed] him frequently," including in the face. The older child showed the caseworker several marks on his face that he claimed were scars from the father striking him, and he further described an incident in which the father hit him in the face so hard that he began bleeding from his nose or lip. Two other children who spent time with the subject children and the father also spoke to the caseworker and confirmed that they had seen the father strike the older child. One of those children [*2]described an incident in which the father hit the older child's face and arm hard enough to leave red marks; the other detailed one incident in which the father punched the older child in the face and another in which the father "threw [the older child] into a chair" with sufficient force to break a vase sitting nearby, prompting the paternal grandmother to tell the father not to hit the older child "in the face because he might pass out." Beyond those accounts provided to the caseworker, the mother of the younger child testified regarding an incident in which the older child came to her "screaming" and wiping blood off his face with a blanket that the father later told her to get rid of. She initially testified that she did not see the father draw blood from the older child "in [her] presence" during that incident, but later acknowledged during cross-examination that the father had "popped [the older child] and . . . sensed that he was bleeding."
The father now argues that the foregoing proof was deficient in various respects but, notwithstanding his contentions, the accounts of others who had witnessed incidents of corporal punishment severe enough to leave marks, break furniture and draw blood were more than adequate to corroborate the older child's out-of-court claims (see Matter of Bonnie FF. [Marie VV.], 220 AD3d 1078, 1082 [3d Dept 2023]; Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237, 1239-1240 [3d Dept 2016]; Matter of Dylynn V. [Bradley W.], 136 AD3d 1160, 1163-1164 [3d Dept 2016]; Matter of Dylan TT. [Kenneth UU.], 75 AD3d 783, 783-784 [3d Dept 2010]). Family Court credited that proof over the father's denials in his own testimony and, according deference to that assessment of credibility, we are satisfied that a sound and substantial basis exists in the record for Family Court's determination that the father had neglected the older child by subjecting him to excessive corporal punishment (see Matter of Jakob Z. [Matthew Z.-Mare AA.], 156 AD3d 1170, 1171-1172 [3d Dept 2017]; Matter of Dylynn V. [Bradley W.], 136 AD3d at 1163-1164; Matter of Aaliyah Q., 55 AD3d 969, 970-971 [3d Dept 2008]).
Finally, as the father's behavior toward the older child revealed such an impaired level of parental judgment that any child in his care would be at substantial risk of harm, Family Court properly determined that he had derivatively neglected the younger child (see Matter of Dylynn V. [Bradley W.], 136 AD3d at 1164; Matter of Dylan TT. [Kenneth UU.], 75 AD3d at 784). To the extent that they are not addressed above, the father's remaining contentions have been examined and found to lack merit.
Garry, P.J., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although the parties reference other alleged incidents of neglect at length in their briefs, our review of the appealed-from order reflects that Family Court made no findings regarding those allegations and premised the findings of neglect upon the ground that the father had subjected the older child to excessive corporal punishment. As a result, we limit our discussion to that issue.